**Thomas RUSSO, Plaintiff,**

v.

**FLOTA MERCANTE GRANCOLOMBIANA, Defendant and Third-Party Plaintiff,**

v.

**AMERICAN STEVEDORES, INC., Third-Party Defendant.**

**No. 69 Civ. 534.**

United States District Court
S. D. New York.

Sept. 18, 1969.

Camarda & Scibilia, Brooklyn, N.Y., for plaintiff.

Renato C. Giallorenzi, New York City, for defendant and third-party plaintiff.

Alexander, Ash & Schwartz, New York City, for American Stevedores, Inc. and Michigan Mutual Liability Co.;

Joseph Arthur Cohen, New York City, of counsel.

MANSFIELD, District Judge.

This longshoreman's suit for damages for personal injuries was tried before Judge Cannella (sitting without a jury) who filed a written opinion awarding plaintiff judgment in the sum of $8,500. Pursuant to Rule 58, F.R.Civ.P., judgment was entered by the Clerk on May 21, 1969, and in accordance with Rule 77(d), F.R.Civ.P., notice of entry was mailed on May 22, 1969, to the attorneys for the parties. A note advising that Judge Cannella had rendered his decision was also published in the New York Law Journal dated May 22, 1969. Plaintiff's time to file notice of appeal expired on June 20, 1969, 30 days after entry of the judgment, 28 U.S.C. § 2107, and by that date no notice of appeal was filed.

On July 3, 1969, plaintiff moved for an order extending his time to appeal, purportedly pursuant to Rule 73, F.R. Civ.P. (which was abrogated as of July 1, 1968, but the substance of which is contained in 28 U.S.C. § 2107), on grounds of excusable neglect based upon failure to learn of the entry of the judgment. Defendant and third-party plaintiff Flota Mercante Grancolombiana, S. A. ("Flota"), in turn, has moved to deposit the amount of the judgment ($8,-500) into court, and Michigan Mutual Liability Company ("Michigan"), compensation carrier for plaintiff's employer, third-party defendant American Stevedores, Inc., has moved for an order pursuant to 28 U.S.C. § 2042 directing payment of the $8,500 to it in partial satisfaction of its compensation lien, which is opposed by plaintiff's attorney, who asserted that his attorney's lien arising out of his contingent fee claim is entitled to priority.

*Plaintiff's Motion for Extension of Time to File Notice of Appeal*

In a supporting affidavit plaintiff's attorney states that he failed to notice the Law Journal entry. Upon argument

he advised that because of the burdens upon him as a single practitioner handling other matters, he could not recall receiving the postcard notice of entry mailed to him by the Clerk of the Court on May 22, 1969. In June, however, prior to the expiration of the 30-day period within which notice of appeal must be filed, plaintiff's attorney did learn of Judge Cannella's opinion and even engaged in negotiations with counsel for the other parties with respect to the competing liens that were later made the subject of Michigan's motion. He seeks to excuse his failure to act within the 30-day period on the ground that he was not sufficiently familiar with this Court's rules and procedures to realize that judgment had been entered immediately following Judge Cannella's filing of his opinion and he was under the mistaken impression that judgment would not be entered for some time. In late June 1969, after expiration of the 30-day period, he learned that Flota was moving for permission to pay the amount of the judgment into court and found out that judgment had been entered on May 21, 1969. Thereupon, on July 3, 1969, plaintiff filed the present motion which came on to be heard on July 29, 1969, more than 60 days after the entry of judgment.

■ Plaintiff's motion for an extension of time to file his notice of appeal must be denied on two grounds. In the first place the facts, even when viewed most charitably toward plaintiff's attorney, fail to state a case of "excusable neglect." Ignorance of the law or failure on the part of an attorney to follow the progress of a lawsuit does not constitute "excusable neglect," as that term is used in the statute. Nichols-Morris Corp. v. Morris, 279 F.2d 81, 83 (2d Cir. 1960); Long v. Emery, 383 F.2d 392 (10th Cir. 1967); United States v. Bowen, 310 F. 2d 45, 47 (5th Cir. 1962); Brahms v. Moore-McCormack Lines, 18 F.R.D. 502, 503 (S.D.N.Y.1955).

■■ In any event even if excusable neglect existed, we became powerless to grant the requested relief after July 21, 1969, since § 2107 mandatorily limits the power of the district to granting an extension "not exceeding thirty (30) days from the expiration of the original time." Thus failure to obtain such permission within the prescribed statutory limits constitutes a jurisdictional defect which cannot be remedied. Edwards v. Doctors Hospital, Inc., 242 F.2d 888 (2d Cir. 1957); Winchell v. Lortscher, 377 F.2d 247, 251 (8th Cir. 1967); see Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275 (3d Cir. 1962).

*Michigan's Motion to Enforce its Compensation Lien*

■■ Flota's motion to deposit $8,-500 with this court in satisfaction of plaintiff's judgment is not opposed. However, prior to commencement of the action Michigan, compensation insurer for American Stevedores, Inc., plaintiff's employer, paid compensation to plaintiff in the sum of $10,625.95 pursuant to provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., and thereby acquired the same right to reimbursement of such payments out of any sums recovered by plaintiff as plaintiff's employer would be entitled to by way of a lien pursuant to 33 U.S.C. § 933. Fontana v. Pennsylvania Railroad Co., 106 F.Supp. 461 (S.D.N.Y.1952), affd., 205 F.2d 151 (2d Cir. 1953), cert. denied, Fontana v. Huron Stevedoring Corp., 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953). Plaintiff's suggestion that the compensation carrier must intervene before its lien ripens is rejected, since it would sacrifice substance for form. Plaintiff's attorney was aware of the lien before commencement of the action. Prompt action was taken by Michigan following the award of judgment to plaintiff. No more is required. See Ballwanz v. Jarcha Corp. of Baltimore, 382 F.2d 433 (4th Cir. 1967), and Riddick v. Rederi A/B Fredrika, 271 F. Supp. 360 (E.D.Va.1967), where compensation liens were recognized without intervention.

Plaintiff's attorney opposes Michigan's motion on the ground that his lien for his attorney's contingent fee claim pursuant to § 475, N.Y. Judiciary Law, McKinney's Consol.Laws, c. 30, is entitled to priority and must be paid out of the $8,500 recovery before Michigan's lien attaches to the balance. The attorney, however, was retained exclusively to secure a benefit for plaintiff, the injured longshoreman who, by instituting suit, obviously hoped to secure a recovery over and above the minimum compensation guaranteed and already paid to him as a ward of Admiralty under the Longshoremen's Act. In undertaking and prosecuting the action, his attorney was aware not only of the carrier's lien but of the possibility that the suit might result in a recovery over against plaintiff's employer, the third-party defendant. It cannot be said that he undertook to render services for the benefit of the employer or its compensation carrier, since their interests were adverse to those of plaintiff and they in fact opposed plaintiff's suit, thereby negating any inference that they considered plaintiff's attorney to be acting for them. To permit plaintiff's attorney to recover his contingent fee claim would be to reward him, even though he has been unsuccessful in benefitting his only client, at the expense of the carrier which has already paid out the minimum compensation guaranteed to plaintiff under the Longshoremen's Act. Accordingly, the attorney's claim of priority must be rejected. Fontana v. Pennsylvania R.R. Co., supra; Davis v. United States Lines, 253 F.2d 262 (3d Cir. 1958); Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5th Cir. 1966); Riddick v. Rederi A/B Fredrika, 271 F.Supp. 360 (E.D.Va.1967).

Accordingly, plaintiff's motion for extension of time to file a notice of appeal is denied and the motions of defendant Flota Mercante Grancolombiana for leave to deposit $8,500, the amount of the judgment, into court and of Michigan Mutual Liability Company for an order directing payment to it in satisfaction of its compensation lien are granted.

It is so ordered.