Per Curiam.

When a lawyer informs a prospective client, at the time he is retained, that his fee will be on a contingent basis, he should clearly indicate the percentage of recovery to be received. However, the petitioner’s failure to specify the percentage in this case calls for neither a reversal nor even a remand for further findings.
The evidence strongly supports the conclusion of the courts below that the petitioner had made it clear, in the discussion with the client’s representative prior to retention, that its fee would be on a contingent basis. Mr. John DeGraff and his son, members of the petitioner law firm, unequivocally so testified and, indeed, our dissenting brothers recognize that there was “ some evidence ” of an agreement “ between the lawyers and McKesson to fix the fee on a contingent basis ” (dissenting opn., p. 872). True, the trial judge made no express finding to that effect but since he decided that the petitioner “ is entitled to a legal fee of $51,560.”, .the circumstance that that sum is actually 25% of the amount in excess of the State’s proffered $420,000 — the precise fee requested by the petitioner — establishes that that decision was necessarily based on a finding of an agreement to pay on a contingent basis. We simply note, as bearing on the worth of the services rendered, that the attorney who appeared as an expert for the petitioner testified that the ‘ ‘ fair and reasonable value * * * considering them from a non-contingent basis ” amounted to $55,000.
In short, there is ample evidence to support the determination below that the petitioner was entitled to a fee of $51,560, however computed. (Cf., e.g., Diemer v. Diemer, 8 N Y 2d 206, 209, 211-212; Rentways, Inc. v. O’Neill Milk & Cream Co., 308 N. Y. 342, 349.)
The order appealed from should be affirmed.