■ JOSEPH GONZALEZ, Respondent, v DOUGLAS P. MANS et al., Defendants and STATE INSURANCE FUND, Appellant.—In an action to recover damages for personal injuries, the State Insurance Fund, as lienor, appeals from an order of the Supreme Court, Westchester County, dated March 1, 1976, which granted plaintiff's motion to apportion the reasonable and necessary expenses, including his attorney's fee, incurred in effecting a recovery in the action. Order affirmed, with $50 costs and disbursements. On December 10, 1973, plaintiff, an employee of Fisher & Brother-McCann's, Inc., was injured while in the course of his employment. Thereafter, the State Insurance Fund, the employer's Workmen's Compensation carrier, paid him benefits totaling $536.78. On March 21, 1974, plaintiff, through his attorney, instituted a "third party action" against the defendants. The retainer agreement with his attorney was on a contingency fee basis in accordance with the maximum fee permitted by the rules of this court (see 22 NYCRR 691.20). On June 10, 1975, subdivision 1 of section 29 of the Workmen's Compensation Law was amended (L 1975, ch 190, § 1), giving injured employees who have instituted "third party action" the right to move the court in which the action is pending for an order apportioning the reasonable and necessary expenditures, including attorneys' fees, incurred in effecting a recovery, and providing that such expenditures shall be equitably apportioned by the court between the employee and the lienor. On September 2, 1975, the "third party action" was settled for $5,000. Thereafter the plaintiff's attorney made the instant motion requesting an equitable apportionment, pursuant to the new amendment to subdivision 1 of section 29 of the Workmen's Compensation Law. Special Term granted the motion and referred the matter for a hearing to determine the apportionment. The issue on this appeal is whether the amendment in question should be applied retroactively. In our opinion, it should. The amendment affects no existing rights or liabilities which would preclude retroactive application (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 52, 53). Rather, as a remedial statute which provides a remedy for a wrong where none existed, it may be properly applied to all pending actions (see McKinney's Cons Laws of NY, Book 1, Statutes, § 54). Moreover, the action was settled after the effective date of the amendment (cf. *Koutrakos v Long Is. Coll. Hosp.,* 39 NY2d 1026). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.