■ CHARLES E. BECKER, JR., Appellant, v HUSS CO., INC., Defendant, and Third-Party Plaintiff. SPAULDING LUMBER COMPANY, Third-Party Defendant; FEDDERS CORPORATION, Third-Party Defendant-Respondent.—Order unanimously reversed, with costs, motion granted and matter remitted to Erie Supreme Court for further proceedings in accordance with the follow-

ing memorandum: Plaintiff appeals from an order denying him apportionment of attorneys' fees for recovery of a judgment for damages in a third-party action which was subject to a Workmen's Compensation lien. Plaintiff was injured in a work related incident on January 19, 1970 and received compensation benefits from his employer totaling $3,449.75. Thereafter he brought a third-party action and in November, 1975 received a verdict for damages of $10,000 upon which his employer filed a lien for the compensation benefits paid earlier. Plaintiff then brought this motion for apportionment of the attorneys' fees pursuant to subdivision (1) of section 29 of the Workmen's Compensation Law (L 1975, ch 190, § 1, eff June 10, 1975). We hold that the statute applies to any recovery by settlement or judgment after June 10, 1975 and that plaintiff is entitled to apportionment (see *Gonzalez v Mans,* 54 AD2d 576; *Cardillo v Long Is. Coll. Hosp.,* 86 Misc 2d 438; *Wargo v Longo,* 85 Misc 2d 898; *Arman v Marx,* 85 Misc 2d 406; *Greenough v Deblinger,* 84 Misc 2d 463). The fee may be computed upon a contingent percentage basis of the amount received. Although the statute is silent on the point, such fees are commonly accepted in personal injury litigation and the percentage which may be charged is specifically set forth in the rules of this court *(Wargo v Longo, supra;* 22 NYCRR 1022.30; and see *Matter of De Graff, Foy, Conway & Holt-Harris v McKesson & Robbins,* 31 NY2d 862). The record does not contain evidence of the agreed fees and disbursements which will enable us to make an apportionment. We, therefore, remit the matter to determine respondent's pro rata share of the one-third contingent fee after deducting expenses and disbursements (see 22 NYCRR 1022.30). Respondent is also responsible for its pro rata share of the expenses and disbursements reasonably and necessarily incurred in obtaining the judgment. (Appeal from order of Erie Supreme Court—attorney's fees.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.