■ JACK D. FRANCE, Respondent, v ABSTRACT TITLE DIVISION OF TITLE GUARANTEE Co. Defendant. STATE INSURANCE FUND, WORKMEN'S COMPENSA-TION, Appellant.—Orders unanimously modified in accordance with memo-randum, and, as modified, affirmed, without costs. Memorandum: Following plaintiff's injury on July 29, 1968 in a work-related accident which occurred during the course of his employment for Niagara Window Cleaning Corpora-tion, the State Insurance Fund, lienor, paid plaintiff $13,083.66 in work-men's compensation benefits. Thereafter, plaintiff commenced a negligence action against defendants, the lessee and owner of the building on which he was working when injured. Defendant, Abstract Title Division of Title Guaranty Company, subsequently instituted a third-party impleader action against plaintiff's employer. On October 29, 1974 a verdict was returned in plaintiff's favor for approximately $350,000, 60% of which was assessed by the jury against Niagara, plaintiff's employer, and 40% against the defend-ants in the main action. This judgment was affirmed by us on November 6, 1975 *(France v Abstract Title Div. of Tit. Guar. Co.,* 50 AD2d 711) and as of December, 1975 all subsequent appeals had been exhausted. On January 28, 1976, following payment of the judgment in full by defendant Abstract's insurance carrier but prior to plaintiff reimbursing lienor for the amount of the workmen's compensation benefits, plaintiff commenced the instant proceeding pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law (as amd by L 1975, ch 190, eff June 10, 1975) seeking an order directing that his attorney's fees and costs be equitably apportioned between himself and lienor. Lienor cross-moved for an order directing that the plaintiff pay the lien in full with interest from the date of the judgment in the underlying action. Lienor appeals from the denial of its cross motion and the grant of plaintiff's motion for apportionment. Prior to the enact-

ment of the amended version of subdivision 1 of section 29 of the Workmen's Compensation Law, there was no authority for the apportionment of reasonable attorney's fees between a plaintiff and a lienor. In stating that this amendment would be effective June 10, 1975 the Legislature made no specific provision for its retroactive application. However, inasmuch as the amendment is remedial in nature, it may be applied to actions which were commenced prior to its effective date (see *Butterfield v Carpenter*, 56 AD2d 737; *Becker v Huss Co.*, 55 AD2d 854; *Gonzalez v Mans*, 54 AD2d 576). Although the verdict in the instant case occurred prior to the effective date of the amendment, the actual payment of that verdict did not occur until some seven months after June 10, 1975 and, accordingly, plaintiff's motion under the amendment was proper. However, the court erred in fixing lienor's share of the attorney's fees at 45% of the lien in order to reflect the 45% contingent fee agreement entered into between plaintiff and his attorney. In the first place, inasmuch as no attorney-client relationship existed between lienor and plaintiff's attorney and lienor had no opportunity to negotiate with the attorney over the fees, lienor should not be peremptorily bound by that fee agreement. Rather, the court should have applied a 33⅓% fee ratio as set forth in the rules of this department (see 22 NYCRR 1022.30 [b]). Secondly, since lienor was not only the carrier for plaintiff's employer's workmen's compensation insurance but also for its general liability insurance and, therefore, was required to defend the employer in the third-party action, the court's use of the 45% ratio fails to reflect the fact that, according to the jury's verdict on apportionment of liability, 60% of plaintiff's efforts in securing a recovery were adverse to the interests of lienor. Thus after lienor's share of the fees are initially computed at 33⅓% of the total amount of the lien, that figure should be reduced by 60%. With respect to the apportionment of the attorney's costs and disbursements, the court properly computed the ratio of the lien to the total amount of the recovery, multiplied that ratio by the attorney's reasonable expenses and, accordingly, charged lienor with $146.75 of the costs. However, the figure must also be reduced by 60% to reflect the fact that 60% of plaintiff's efforts were adverse to lienor's interests. Finally, we find no merit to lienor's argument that it is entitled to interest on the lien from the date of the judgment in the underlying action (see *Commissioners of State Fund v O'Dwyer*, 37 AD2d 297; see, also, Lien Law, §§ 204, 208). (Appeal from order and amended order of Erie Supreme Court—workmen's compensation lien.) Present—Marsh, P. J., Moule, Goldman and Witmer, JJ.