In the Matter of ROBERT BROWN, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant, et al., Respondents.—In a proceeding pursuant to section 29 of the Workmen's Compensation Law to determine the lien of the Travelers Insurance Company upon the proceeds of the settlement of an action for personal injuries sustained by petitioner, and to apportion attorneys' fees, the said company appeals from an order of the Supreme Court, Kings County, dated October 27, 1976, which fixed the proportional share of expenses to be borne by it at $15,183.74. Order affirmed, with $50 costs and disbursements to petitioner. On February 14, 1971 the petitioner-respondent, during the course of his employment, was a passenger in a taxicab which was involved in a collision with another motor vehicle. He was severely injured and permanently disabled, and has never resumed work. The petitioner has been paid a total of $44,605.33 in workmen's compensation and medical benefits by the appellant Travelers Insurance Company, on behalf of his employer. The petitioner commenced an action in the Supreme Court, Kings County, against the owners and drivers of both vehicles involved in the collision. On December 9, 1974 the suit was settled for $110,000. Pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law, a lien against the proceeds of the settlement arose in the appellant's favor, equal in amount to the funds it had paid the petitioner. On March 31, 1975 the petitioner moved for a reduction of the appellant's lien. The appellant opposed that motion. The issue could not be resolved after a number of conferences. A second motion seeking the same relief was made on March 25, 1976. Special Term granted the relief sought by order

dated October 27, 1976. The apportionment, as determined by the court, was authorized by an amendment to subdivision 1 of section 29, which became effective on June 10, 1975 (L 1975, ch 190, § 3). The appellant claims that the amendment should not be applied to this proceeding, since the petitioner's suit was settled prior to June 10, 1975. In *Gonzalez v Mans* (54 AD2d 576) this court held that the amendment in question should be applied retroactively since it "affects no existing rights or liabilities which would preclude retroactive application * * * Rather, as a remedial statute which provides a remedy for a wrong where none existed, it may be properly applied to all pending actions". The appellant argues on this appeal that the amended statutory provision has no application to this proceeding since the settlement and recovery by the petitioner were completed before the effective date of the amendment. In *Gonzalez* the action against the party responsible for the employee's injuries was settled after the amendment's effective date. However, this factor was not determinative to our holding that the statute could be applied retroactively. We said in *Gonzalez: "Moreover*, the action was settled after the effective date of the amendment" (emphasis supplied). In *Koutrakos v Long Is. Coll. Hosp.* (39 NY2d 1026, affg 47 AD2d 500), the Court of Appeals affirmed our determination that subdivision 1 of section 29, prior to the 1975 amendment, was constitutional, notwithstanding the fact that it did not permit the apportionment now authorized. The Court of Appeals noted that the amendment was in force but stated that (p 1028) "its effective date (June 10, 1975) did not precede either the settlement of the third-party action or the court's order fixing payment of the lien". It is apparent from the court's reasoning that the amendment to subdivision 1 of section 29 applies where at least the apportionment of the lien occurs after June 10, 1975. Since Special Term's order apportioning the lien in this case is dated October 27, 1976, the petitioner is entitled to an apportionment pursuant to the amendment. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.