OPINION OF THE COURT
Frederick B. Bryant, J.
The plaintiff in the above-entitled action moved at Special Term for an order apportioning legal fees and expenses pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law.
The main action was commenced in 1972 to recover for the wrongful death of the plaintiff’s decedent which occurred as a result of an accident sustained while decedent was an employee of the third-party defendant, A. Friederich & Sons, Inc. (Friederich), who was performing construction work on premises owned by the defendant and third-party plaintiff, Cornell University. The action against Cornell University was based on alleged violations of certain sections of the Labor Law and resulted in a recovery by the plaintiff against Cornell in the sum of $73,691.36. Prior to such recovery the State Insurance Fund, on behalf of the employer Friederich, made payment of $782.50 to the decedent’s estate and following the final verdict for the plaintiff it asserted a lien for such compensation payments in the sum of $819.28 which lien has been satisfied from the plaintiff’s recovery.
If the matter rested here the plaintiff would clearly be entitled to an apportionment of counsel fees between himself and the compensation carrier by reason of the 1975 amendment to subdivision 1 of section 29 of the Workmen’s Compensation Law. But other aspects of this litigation dictate a different result.
Cornell University (Cornell) as defendant in the first above-entitled action brought suit against A. Friederich & Sons, Inc., the decedent’s employer, based on theories of both common-law and contractual indemnity. In this third-party action Cornell recovered the full amount of the judgment obtained against it by the plaintiff and the judgment has been satisfied by the insurance carriers covering the liability of Friederich both in contract and for common-law indemnity. The State Insurance Fund argues that under these circumstances the plaintiff is not entitled to any apportionment of counsel fees.
*197 It relies on the case of France v Abstract Tit. Div. of Tit. Guar. Co. (57 AD2d 721).
In the France case a recovery was obtained against both the defendant in the principal action and the plaintiff’s employer named as a defendant in a third-party action. The jury apportioned liability between these two defendants by charging 60% of the verdict against the plaintiff’s employer and 40% against the defendant in the main action. From the recovery the plaintiff was compelled to satisfy a lien for workmen’s compensation payments made to it by the employer’s workmen’s compensation carrier. The Appellate Division held that the apportionment of legal fees pursuant to subdivision 1 of section 29 should be reduced by 60% to reflect the fact that 60% of the plaintiff’s efforts were adverse to the lienor. This case was modified on other grounds (43 NY2d 527). The Court of Appeals did not consider the question of apportionment of fees and the France case thus stands as authority for the proposition that in an action where the interests of the plaintiff and the employer — as distinct from the main defendant — are adverse, the fees chargeable to the compensation lien must be adjusted accordingly.
While this case seems to be the only authority on this subject in New York, the reasoning in the opinion is convincing and the background of the 1975 amendment makes the court’s conclusions relevant to the factual situation here. Prior to 1975, successful plaintiffs in personal injury cases often found that the efforts of their attorneys to recover for personal injuries from a third party resulted in a recovery for the workmen’s compensation carrier which had to be paid in full with no proportionate reduction for fees paid to the attorney for the time and effort which resulted in such recovery on behalf of the carrier. In other words, the carrier had a "free ride” and the injured plaintiff paid the legal expenses for such recovery. Subdivision 1 of section 29 was amended to correct this situation by requiring the compensation carrier to bear its fair share of the costs of recovering its lien.
This solution was fair and equitable and would pose no problem were it not for the fact that beginning with Westchester Light. Co. v Westchester County Small Estates Corp. (278 NY 175), the defendant in the main action was given the right over against the employer of the plaintiff for all or a pro rata share of the liability for plaintiff’s injuries. Under such circumstances the plaintiff’s attempt to recover for his injuries *198 resulted in an adversary situation between himself and his employer. Where the employer’s compensation insurer was also its liability insurer the plaintiff’s efforts were not being exerted solely to recover the carrier’s workmen’s compensation lien but were also being put forth to impose upon that carrier primary liability for the plaintiff’s injuries. Whether pursuant to Dole v Dow Chem. Co. (30 NY2d 143), or by way of third-party indemnity makes no difference. The defendant employer was an adverse party to the plaintiff and a recovery against the employer was necessarily paid, in whole or in part, by the same company which was entitled to repayment of its workmen’s compensation lien.
On appeal from the France case the insurer argued that no apportionment whatever should be allowed despite the fact that the employer was held to be only 60% liable. Their argument was based on the contention that the plaintiff had done nothing to hold this liability at only 60%, the defendant employer had been compelled to defend itself and the plaintiff’s attorneys were therefore not entitled to any fees from the compensation carrier. This point was not considered by the Court of Appeals but it has no bearing in the present case where the employer was held 100% liable and paid the full verdict from which the lien was deducted.
Three Federal cases cited by the State Insurance Fund in this proceeding support the reasoning in the France case and in this opinion.
In Ballwanz v Jarka Corp. (382 F2d 433) the plaintiff, a longshoreman employed by Jarka, was injured while working on a ship operated by Isthmian Lines, Inc. (Isthmian). Plaintiff sued Isthmian and Isthmian brought a third-party suit against Jarka, the plaintiff’s employer. Jarka was insured by Liberty Mutual Insurance Company (Liberty) for both workmen’s compensation coverage and general liability. Liberty had paid compensation and medical benefits and had a lien against the plaintiff’s recovery for the payments made. The plaintiff recovered and Isthmian recovered judgment over against Jarka. Under these circumstances the court held that Jarka’s compensation carrier was not chargeable with any contribution to the plaintiff’s legal fees.
The same result was reached in Russo v Flota Mercante Grancolombiana (303 F Supp 1404) on a similar factual situation. In its opinion the court stated (p 1407): "The attorney, however, was retained exclusively to secure a benefit for *199 plaintiff, the injured longshoreman who, by instituting suit, obviously hoped to secure a recovery over and above the minimum compensation guaranteed and already paid to him as a ward of Admiralty under the Longshoremen’s Act. In undertaking and prosecuting the action, his attorney was aware not only of the carrier’s lien but of the possibility that the suit might result in a recovery over against plaintiff’s employer, the third-party defendant. It cannot be said that he undertook to render services for the benefit of the employer or its compensation carrier, since their interests were adverse to those of plaintiff and they in fact opposed plaintiff’s suit, thereby negating any inference that they considered plaintiff’s attorney to be acting for them. To permit plaintiff’s attorney to recover his contingent fee claim would be to reward him, even though he has been unsuccessful in benefitting his only client, at the expense of the carrier which has already paid out the minimum compensation guaranteed to plaintiff under the Longshoremen’s Act. Accordingly, the attorney’s claim of priority must be rejected.”
While the Westchester Light. Co. v Westchester County Small Estates Corp. (278 NY 175, supra) was developing the law of New York to permit an employer to be impleaded as third-party defendant in an action commenced by the employee against the third-party plaintiff, the United States Congress extensively revised the law of workmen’s compensation in the Longshoremen’s and Harborworkers’ Compensation Act (US Code, tit 33, § 901 et seq.). Following such revision the United States Court of Appeals decided Valentino v Rikners Rhederei (552 F2d 466). Here the employee stevedore sued the owners of the ship he was loading when injured. His employer had paid compensation and medical expense and had a lien against any recovery obtained from the shipowner. There was no action available to the shipowner against the employer because of the 1972 amendment to the Longshoremen’s and Harborworkers’ Act (supra). The court therefore awarded the plaintiff’s attorney a fee out of that portion of his recovery which went towards satisfaction of the compensation lien. It specifically distinguished the Ballwanz and Russo cases on the grounds that, with the abolition of the right to indemnity, the conflict of interest which precluded a pro rata apportionment of attorneys fees had ceased to exist. With the decision in Westchester Light, such conflict of interest was created in New York.
*200 On the basis of the cases cited above, including the France case, the court holds that the plaintiff in the instant case is not entitled to an apportionment of the legal fees and expenses incurred in his action.
It might be argued that since the State Insurance Fund as the common-law liability carrier of the employer was called upon to pay only one half of the judgment obtained against the principal defendant it should be relieved of apportionment by only 50%. This court does not agree. The fact that Cornell University had two insurance carriers protecting it against liability was no concern of the plaintiff in the main action. The fact remains that the employer was held liable for the full amount of the judgment against Cornell including that portion of it which represented workmen’s compensation payments.
It is noted that subdivision 1 of section 29 of the Workmen’s Compensation Law provides that: "Such expenditures shall be equitably apportioned by the court between the employee or his dependents and the lienor.” This court concludes that to award an apportionment of counsel fees on the facts of the present case would not be equitable.
The motion is denied.