■ In the Matter of the Application of DUANE VAN DEUSEN et al., Appellants, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent. — Order unanimously reversed, with costs, and matter remitted to Special Term for further proceedings, in accordance with the following memorandum: Petitioners, Duane and Barbara Van Deusen, appeal from the denial of their petition for apportionment of attorney's fees pursuant to Workers' Compensation Law (§ 29, subd 1) against United States Fidelity and Guaranty Company (USF&G), Duane's employer's workers' compensation and liability insurance carrier, whose lien for $41,925 paid to petitioners as workers' compensation benefits was satisfied from petitioners' award in their action against a third party for personal injuries suffered by Duane while on the job. On September 28, 1979, petitioners recovered a judgment of $800,636, apportioned by the jury at 22% against the defendant Piggott Construction International, Ltd. (Piggott), general contractor on the construction project where Duane was injured, and 78% against Richard Goettle, Inc. (Goettle), subcontractor on the project and Duane's employer, impleaded as a third-party defendant for Dole-Dow contribution (Dole v Dow Chem. Co., 30 NY2d 143) and contractual indemnification. Piggott secured a judgment in its cross claim for 100% of the verdict against Goettle based on the indemnity agreement. After settlement negotiations, defendants discontinued their appeal and petitioners received $775,000 from which were deducted USF&G's lien and petitioners' attorney's fees. When USF&G refused petitioners' request for an apportioned share of litigation expenses pursuant to Workers' Compensation Law (§ 29, subd 1), petitioners initiated the instant proceeding. Special Term, following our decision in France v Abstract Tit. Div. of Tit. Guar. Co. (57 AD2d 721, mod sub nom. Becker v Huss Co., 43 NY2d 527), held that inasmuch as USF&G was, as liability insurer for the employer, liable to pay 100% of the award, 100% of the efforts of petitioners' attorneys were adverse to USF&G's interests and USF&G's obligation to contribute to petitioners' attorneys' fees should be extinguished. For the following reasons we reconsider our ruling in France and reverse. The amendment to Workers' Compensation Law (§ 29, subd 1, as amd by L 1975, ch 190, § 1, eff July 10, 1975) provides that where an employee secures a recovery from a tort-feasor, part of which is applied to satisfy the compensation carrier's lien, the employee may, upon application to the court, obtain contribution by the lienor of its equitable share of the costs of the litigation. In the usual case, the lienor contributes to the full extent of its pro rata share of the recovery, even where the defendant has made a successful third-party claim for contribution against the plaintiff's employer. France pertains to the special situation, present here, where the lienor is also the liability insurer of the employer. In France, we held that the lienor's share of the costs of litigation should be reduced by 60% on the rationale that inasmuch as the jury assessed 60% of the damages against the employer, "60% of plaintiff's efforts in securing a recovery were adverse to the interests of lienor" (France v Abstract Tit. Div. of Tit. Guar. Co., 57 AD2d 721, 722, supra) in its role as liability insurer. It should be noted that the Court of Appeals has never passed on this question. In modifying our decision in France (sub nom. Becker v Huss Co., 43 NY2d 527, supra) the Court of Appeals denied the petition for contribution of attorney's fees on the ground that the amendment to Workers' Compensation Law (§ 29, subd 1 ) should not apply to judgments such as the one in France, reached before the effective date of the amendment. There are no Appellate Division cases on point and the two pertinent nisi prius decisions (Cox v Belmont Iron Works, 104 Misc 2d 801; Myers v Cornell Univ., 97 Misc 2d 195) are conflict-

ing. The *France* rule is unfair to the injured plaintiff and contrary to the purposes of the amendment, viz., "to assess the compensation carrier for the benefit derived by it from the collection of its lien * * * [and] to avoid the evil of having the attorney's lien and the compensation lien swallow up most of a small recovery" *(Castleberry v Hudson Val. Asphalt Corp.,* 70 AD2d 228, 235; see NY Legis Doc, 1975, No. 65 [F], Memorandum of Law Revision Commission, reprinted 1975 McKinney's Session Laws 1551, 1552). The result of the rule is that in the case where the employer has chosen, for whatever reason, to place his compensation insurance and his liability insurance with the same carrier, the injured employee receives a smaller share of his recovery against the tort-feasor than he would receive for the identical injuries if the two policies were placed with different insurers. There is no legal or logical reason for this distinction. To the injured employee, the company's decision to place its insurance with one carrier instead of two is of no moment. The separate coverages for the two different risks that the employer must provide (i.e., its obligation to its employees under Workers' Compensation Law and its liability for injuries resulting from its negligence) are the same whether afforded by one company or two. The fact that premiums may be paid to one company instead of two makes no difference and should have no effect on the plaintiff's rights. There is no more reason why the employer's business decision to accept as a term of its contract with a third party a full indemnity obligation can be of any consequence to the employee. Moreover, the *France* rule reduces the compensation carrier's responsibility to contribute to the legal fees in direct proportion to the degree of fault assessed against the employer. Thus, the greater the negligence of the employer the less the injured employee recovers — clearly an unfair and anomalous result. Furthermore, to hold that the plaintiff's efforts in suing the defendant are "adverse" to those of the employer and its liability carrier is contrary to the established concept of the third-party action for contribution under *Dole v Dow Chem. Co.* (30 NY2d 143, *supra)* as being "based on a separable legal entity of rights" *(Dole v Dow Chem. Co., supra,* p 152). The third-party plaintiff "asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant" *(Dole v Dow Chem. Co., supra,* p 152, quoting *Westchester Light. Co. v Westchester County Small Estates Corp.,* 278 NY 175, 179) and its claim cannot assume legally the color of the claim of the plaintiff in the main action *(Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N.Y.,* 45 NY2d 551, 557). For the reasons stated by the majority in *Castleberry v Hudson Val. Asphalt Corp.* (70 AD2d 228, *supra),* we hold that the amount of litigation costs to be assessed against the lienor under Workers' Compensation Law (§ 29, subd 1) should be calculated on the direct benefit it has received from the recovery through the recoupment of the amount of its lien and not, as petitioners would have it, on the additional amount corresponding to the lienor's estimated future liability for compensation payments extinguished by the petitioners' success in recovering for the injuries sustained by Duane Van Deusen. There is an .additional problem here. Petitioners claim that the lienor wrongfully withheld compensation benefits due to Duane Van Deusen for the purpose of reducing the amount of the lien and hence the amount subject to apportionment for legal costs under Workers' Compensation Law (§ 29, subd 1). If petitioners can establish such wrongful withholding, the amount withheld should be added to the amount of the lien for purpose of the apportionment. (Appeal from order of Monroe Supreme Court — apportionment of legal fees and expenses.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.