VINCE KIRBY, APPELLEE, v. DANIEL J. LISKA,
APPELLANT.

334 N.W.2d 179

Filed May 13, 1983.   No. 82-336.

Kenneth M. Olds of Olds, Swartz and Ensz, for appellant.

Vince Kirby, pro se.

BOSLAUGH, WHITE, and HASTINGS, JJ., and BROWER and McGINN, D. JJ.

BOSLAUGH, J.

This is a suit for an attorney fee. The plaintiff, Vince Kirby, represented the defendant, Daniel J. Liska, in an action in the District Court of Knox County, Nebraska, involving the title to 726 acres of land owned by the defendant's father, Adolph O. Liska.

The defendant claimed title to the land under a deed executed by his father and mother on June 24, 1975, a time when they were patients in a rest home and under conservatorship. The conservators, who were the defendant's brothers, filed an action on August 21, 1975, to cancel the deed on the grounds that the grantors were incompetent and the deed was the result of undue influence, duress, fraud, and deceit.

The defendant was originally represented by Daniel Jewell. As a result of a merger of law firms, a conflict of interest developed and Jewell formally withdrew from the action on July 19, 1976.

The plaintiff commenced his representation of the defendant sometime after April 1976. The action was never tried but was settled, due primarily to the urging of the parties' mother, pursuant to an agreement between the parties dated May 8, 1977, which resulted in a judgment quieting title to the land in the defendant.

A dispute arose when the plaintiff claimed the right to a contingent fee equal to 30 percent of the value of the land involved in the litigation. The defendant denied that there was any agreement between the parties concerning a contingent fee.

This action was filed on August 11, 1980. The petition alleged that "defendant was advised that it was plaintiff's policy and practice to work on a contingent fee basis and that the usual fee was 30% of the amount recovered after the payment of court costs, depositions, witness fees and other payments made to third parties."

An amended petition filed July 22, 1981, alleged that the plaintiff had represented the defendant pur-

suant to an "oral agreement" and that "the fair and reasonable value of the professional services rendered from the plaintiff to the defendant are $75,000.00."

A second amended petition filed September 22, 1981, alleged that "plaintiff and defendant orally agreed that plaintiff would represent the interests of the defendant in the aforesaid Case No. 9691, on a contingent fee basis; that the defendant was advised that plaintiff's usual contingent fee was 30%, which percentage was not subject to increase but was subject to decrease at the election of the plaintiff." The second amended petition further alleged that "the fair and reasonable value of the professional services rendered from the plaintiff to the defendant are $75,000.00."

The report of a pretrial conference states that the plaintiff advised the court that the petition was filed "under the theory of a breach of oral contract."

A jury was waived and the case tried to the court. The trial court found that the plaintiff and the defendant had orally agreed that the plaintiff would represent the defendant on a contingent fee basis of 30 percent; that the value of the land was $300 per acre; and that the plaintiff was entitled to recover the sum of $65,340. The defendant has appealed.

The defendant contends that the evidence was not sufficient to support the finding that there was an agreement between the parties for a contingent fee; that the amount recovered by the plaintiff was unconscionable; and that there was no evidence as to the reasonable value of the plaintiff's services.

The pleadings which were filed by the plaintiff, as summarized above, were not a model of clarity. It is difficult to ascertain whether the plaintiff, who proceeded pro se, was attempting to recover on the theory of an express contract, or on the basis of quantum meruit, or both. The evidence is almost as indefinite.

The plaintiff's evidence established that it is his

custom to represent clients on a contingent fee basis and that he does not send out bills or keep a record of time expended on a case. There was also evidence to the effect that the original suit to set aside the deed was a likely one for a contingent fee.

The plaintiff testified that the defendant called him late in April 1976 and asked the plaintiff to represent him. Kirby replied that he would like to review the problem and determine the status of the record; that he would represent the defendant; that he "worked only on contingent fee basis"; and that his "usual fee was 30 percent" but that he reserved the right to reduce it in his sole discretion in the event he decided it was not merited or warranted.

On cross-examination Kirby admitted that it was "very possible that at the time he contacted me I didn't discuss the percentage fee." However, Kirby testified that in August of 1976 the defendant was made aware of the fact that Kirby "worked on a percentage basis."

Cleone Warden, the plaintiff's secretary, testified that she was present when the initial conference between the plaintiff and the defendant took place, and again in August of 1976. She testified that in August Kirby said that he would handle the case for the defendant on a contingent fee basis, but she did not recall "any specific amount." Since she made no notation of a different amount, she said that was an indication that a 30-percent contingent fee had been discussed.

The defendant testified that he "didn't even know the meaning of the word [contingent] until after the case had been wound up. I never heard the word nor percentage mentioned. There was no agreement as to percentage or flat fee." He testified that when he inquired about the bill, Kirby told him, "Well, I haven't figured it up yet. Let it go for now."

There are special rules which apply to contingent fee contracts between a lawyer and his client. In

order for the plaintiff to recover on the basis of an express contract, the evidence must show an agreement which was in compliance with these rules.

Evidence to prove an oral agreement for a contingent fee must be clear, convincing, and satisfactory. See, *Becnel v. Montz*, 384 So. 2d 1015 (La. App. 1980); *Mercy Hospital, Inc. v. Johnson*, 390 So. 2d 103 (Fla. App. 1980).

The nature of the attorney-client relationship demands that the attorney be held to such a standard of proof. EC 2-20 of the Code of Professional Responsibility states in part: "Contingent fee arrangements in civil cases have long been commonly accepted in the United States in proceedings to enforce claims. The historical bases of their acceptance are that (1) they often, and in a variety of circumstances, provide the only practical means by which one having a claim against another can economically afford, finance, and obtain the services of a competent lawyer to prosecute his claim, and (2) a successful prosecution of the claim produces a res out of which the fee can be paid. *Although a lawyer generally should decline to accept employment on a contingent fee basis by one who is able to pay a reasonable fixed fee, it is not necessarily improper for a lawyer, where justified by the particular circumstances of a case, to enter into a contingent fee contract in a civil case with any client who, after being fully informed of all relevant factors, desires that arrangement.*" (Emphasis supplied.) EC 2-19 states: "As soon as feasible after a lawyer has been employed, it is desirable that he reach a clear agreement with his client as to the basis of the fee charges to be made. Such a course will not only prevent later misunderstanding but will also work for good relations between the lawyer and the client. *It is usually beneficial to reduce to writing the understanding of the parties regarding the fee, particularly when it is contingent. A lawyer should be mindful that many persons who desire to*

*employ him may have had little or no experience
with fee charges of lawyers, and for this reason he
should explain fully to such persons the reasons for
the particular fee arrangement he proposes."* (Emphasis supplied.)

In *Carmichael v. Iowa State Highway Commission*, 219 N.W.2d 658 (Iowa 1974), the court examined
an oral fee agreement between an attorney and
client and found it to be ambiguous. The court
charged the costs of the litigation to the attorney, as
he was responsible for the contract's uncertain
nature. The court stated: "[N]o lawyer retained
on a contingent fee basis should be too busy to prepare a written instrument precisely detailing all
terms of the employment contract." *Id.* at 665. The
court cited EC 2-19.

In *Neville v. Davinroy*, 41 Ill. App. 3d 706, 709, 355
N.E.2d 86, 88-89 (1976), the court said: "The law
places special obligations upon an attorney by virtue
of the relationship between attorney and client.
Those obligations are summed up and referred to
generally as the fiduciary duty of the attorney.
They permeate all phases of the relationship, including the contract for payment. There can be no
question that an attorney's duty to his client includes
that of not taking advantage of a client's trust. An
attorney must also inform his client of all material
facts affecting his employment."

The evidence in this case is not clear, convincing,
and satisfactory that Kirby fully disclosed to his
client all material terms of the fee agreement or
that they were agreed to by the defendant. In *In re
DeGraff v. McKesson & Robbins*, 31 N.Y.2d 862, 863,
292 N.E.2d 310, 311, 340 N.Y.S.2d 171 (1972), the Court
of Appeals said: "When a lawyer informs a prospective client, at the time he is retained, that his
fee will be on a contingent basis, he should clearly
indicate the percentage of recovery to be received."
It is not clear from the evidence that the exact percentage Kirby would take was ever discussed with

Liska or approved by him. In the absence of such knowledge and approval by the client, it can not be said that there was a meeting of the minds sufficient to give rise to a contract. See *Rybin Investment Co., Inc. v. Wade*, 210 Neb. 707, 316 N.W.2d 744 (1982). By failing to obtain an agreement in writing, Kirby exposed himself to the dangers warned against in the Code of Professional Responsibility.

The plaintiff in this case failed to prove, by clear, convincing, and satisfactory evidence, that there was a meeting of the minds in regard to a contingent fee contract based on 30 percent of the value of the land involved in the litigation. The findings of the trial court that there was an express oral agreement between the parties is not sustained by sufficient evidence and must be set aside.

A contingent fee which is not fair and reasonable can not be recovered in an action for attorney fees. See *Mercy Hospital, Inc. v. Johnson, supra*. "The courts have authority to monitor and determine the reasonableness of contingent fee contract under their inherent power to regulate the bar." (Syllabus of the court.) *Wunschel Law Firm, P.C. v. Clabaugh*, 291 N.W.2d 331 (Iowa 1980). See, also, *International Travel, Etc. v. Western Airlines*, 623 F.2d 1255 (8th Cir. 1980). DR 2-106 of the Code of Professional Responsibility provides: "Fees for Legal Services.

"A. A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

"B. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

"1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"3. The fee customarily charged in the locality for similar legal services.

"4. The amount involved and the results obtained.

"5. The time limitations imposed by the client or by the circumstances.

"6. The nature and length of the professional relationship with the client.

"7. The experience, reputation, and ability of the lawyer or lawyers performing the services.

"8. Whether the fee is fixed or contingent.

"C. A lawyer shall not enter into an arrangement for, charge, or collect a contingent fee for representing a defendant in a criminal case."

When Kirby accepted employment in the litigation, the case was pending on a motion of the conservators for summary judgment. The record shows that Kirby examined the record, filed some pleadings, wrote some correspondence, conferred with his client, obtained continuances, drafted a settlement offer, and was present when the settlement agreement was signed. The record before us will not sustain an allowance of $65,340 for attorney fees upon the basis of an express agreement or upon a quantum meruit basis. Such an amount is excessive.

The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.