VINCE KIRBY, APPELLEE, v. DANIEL J. LISKA, APPELLANT.

351 N.W.2d 421

Filed July 6, 1984. No. 83-892.

Kenneth M. Olds of Olds, Swarts and Ensz, for appellant.

J. Thomas Rowen of Miller, Carpenter, Rowen, Fitzgerald & Coe, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an action to recover attorney fees. The plaintiff, Vince Kirby, was employed by the defendant, Daniel J. Liska, to represent him in a suit brought by his brothers to set aside a deed from his parents to 726 acres of land. The deed had been executed by the grantors while they were under conservatorship and patients in a rest home.

In the first trial the plaintiff relied on theories of an express contract and quantum meruit. Upon appeal we held that the record would not support the award of $65,340 on either theory and remanded the cause for further proceedings. *Kirby v. Liska*, 214 Neb. 356, 334 N.W.2d 179 (1984).

At the second trial the evidence from the first trial was received and both parties introduced additional evidence.

Kirby produced a timesheet put together in 1983 for the purpose of this litigation. It stated that he had spent 126 hours performing various activities related to the quiet title action. The timesheet attributed time spent to conferences, review of depositions, writing letters, research, filing pleadings, and other assorted tasks.

Kirby testified that when he undertook the representation, there was a motion for summary judgment pending. It was his opinion that "a hearing on the Motion for Summary Judgment would have been fatal to Danny's [Liska's] interest." Kirby testified that he was successful in getting the matter continued through the ruse of scheduling conflicts for about a year from the date the motion was filed. Kirby also testified that he convinced the attorney representing Liska's brothers that that attorney had

a conflict of interest and should withdraw from the case. Kirby testified that these two actions paved the way for the settlement.

The trial court found that the plaintiff should recover $22,500 for his services. The defendant has again appealed. The issue is whether the record will support the judgment.

The evidence shows that Kirby performed little of what is usually understood to be legal services. The case was at issue when he entered his appearance. The case was never tried, but a judgment quieting title in the defendant was entered as a result of a settlement agreement dated May 8, 1977. The record shows that the settlement was due in a large part to the attitude and efforts of the mother of the parties.

In our judgment a fee of $22,500 is clearly excessive under the facts of this case. Most of the tasks performed by Kirby required little, if any, specialized legal skill. The case involved no novel or difficult legal questions. Those which did require legal skill, for example, the filing of pleadings, were relatively uncomplicated matters. Kirby's contention that his actions which contributed to the settlement and warrant a fee of $22,500 cannot be countenanced. The actions taken by Kirby required but little legal skill, and some bordered on the unethical.

The evidence shows that a reasonable fee would be between $25 and $75 per hour for the time devoted to the case. We conclude that the record will not support an award of attorney fees in excess of $6,500, and a remittitur in that amount is awarded.

The cause is remanded and the plaintiff shall have 10 days after the filing of the mandate of this court in the trial court in which to file his consent to and acceptance of the remittitur. The judgment shall draw interest from the date the remittitur is accepted.

In the event the plaintiff fails to accept the remittitur, the judgment shall be vacated and the defendant granted a new trial.

All costs are taxed to the plaintiff.

REMITTITUR AWARDED, AND CAUSE REMANDED WITH DIRECTIONS.