THOMTON, SPERRY & JENSEN, LTD., Appellant,

v.

Marvin B. ANDERSON and Jane M. Anderson, Respondents.

No. C7–83–1841.

Court of Appeals of Minnesota.

July 17, 1984.

Ronald C. Anderson, Hulstrand, Anderson, Larson & Boylan, Willmar, for appellant.

Michael T. Feichtinger, Nierengarten Law Offices, St. Cloud, for respondents.

Heard, considered, and decided by POPOVICH, C.J., presiding, and WOZNIAK and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Thomton appeals from a jury verdict that found the $92,855 fee he charged the Andersons to be clearly excessive, and reduced that fee to $71,297.81. The trial court further reduced the fee to $29,350. Thomton appeals from the judgment. We affirm.

## FACTS

Thomton had been the Andersons' attorney for a number of years. On this occasion they hired him to obtain a partition in kind for real property owned jointly by Jane Anderson and her brothers. The Andersons requested and Thomton agreed upon a contingent fee of 10% of the value of Jane Anderson's share of the partitioned land if the case went to trial, or 8% if the matter settled.

The case was settled during trial. Attorney's fees were determined at 10% of a real estate broker's appraisal of the partitioned land. The fee arrived at was $92,855. This was compromised to $88,000 and was adjusted to $95,220.63 to include legal fees owed on unrelated matters. The Andersons executed a promissory note to Thomton in that amount, but defaulted after paying $1,220.63. Thomton commenced an action on the note for the remaining $94,-000. The Andersons defended, claiming lack of consideration and excessive attorney's fees.

Thomton admitted at trial that he did not keep time records because this was a contingent fee arrangement. He estimated his time at approximately 500 hours, though conceded on cross-examination that, prior to trial, he had estimated 390 to 400 hours. His hourly fee was $65. He did not feel that the underlying suit was either difficult or unique. An attorney testified at trial as an expert that the fee was clearly excessive. The matter was submitted to the jury by way of two interrogatories:

1. Is the fee which plaintiff seeks for the legal services provided to defendants a clearly excessive fee?     YES

2. If your answer to Question No. 1 is "yes" what is a reasonable fee for the legal services provided by plaintiff to defendant?
$71,297.81

The second interrogatory was advisory only. The court considered the jury's answer, but awarded $29,350 instead.

## ISSUES

1. As holder of the Andersons' note, is Thomton immune to the defense of excessiveness?

2. Was the fee excessive?

## ANALYSIS

1. Thomton contends that, as holder of the $94,000 note signed by the Andersons, he is immune to the defense of excessiveness. As the original payee, Thomton possessed the note with notice of defenses to its payment. Therefore, he was not a holder in due course. Minn.Stat. §§ 336.3–302(1)(c), 336.3–304 (1982). In any event, having dealt with the Andersons, he is susceptible to any defenses they might raise. Minn.Stat. § 336.3–305(2) (1982). One not a holder in due course accepts an instrument subject to "all defenses of any party which would be available in an action on a simple contract." Minn.Stat. § 336.3–306(b) (1982). Our Supreme Court in *Kittler & Hedelson v. Sheehan Properties, Inc.*, 295 Minn. 232, 203 N.W.2d 835 (1973), explicitly referred to the Code of Professional Responsibility for standards to determine the reasonableness of an attorney's fee. Excessiveness, therefore, is a legitimate contract defense. Since Thomton is not shielded by his holder status, contract principles including provisions of the Code are available to attack the reasonableness of his fee.

2. It is fundamental that reasonable value of attorneys' fees is a question of fact. *Derck v. Lakeland Development Co.*, 295 Minn. 536, 203 N.W.2d 400 (1973). Therefore, we must determine whether it is supported by the evidence. *Faust v. Parrott*, 270 N.W.2d 117 (Minn.1978). A portion of the jury instruction was a verbatim recitation of Disciplinary Rule 2–106 of the

Code of Professional Responsibility as follows:

(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

The evidence relating to these factors was most clearly brought out by expert testimony. The expert indicated that a partition action generally, and this one particularly, was not a novel or complex proceeding requiring special attorney expertise. Considering the time and labor involved, the contingent fee, if reduced to an hourly rate, was quite high. Moreover, a contingency arrangement is noncustomary in partition actions.

A contingency could be considered inappropriate because the partition produced no *res* out of which to pay the attorney. The imprimatur of acceptability for a contingency is that "a successful prosecution of the claim produces a *res* out of which the fee can be paid." *Kirby v. Liska,* 214 Neb. 356, 360, 334 N.W.2d 179, 182 (1983) (quoting Code of Professional Responsibility EC 2–20). There was nothing contingent about the fee here. Thomton was assured of his right to receive a fee regardless of the outcome of the litigation. Jane Anderson had an interest in the *res* prior to the legal proceeding; she would have an interest subsequent to trial. The results were predetermined. Thus, the fee was not related to Thomton's performance as an attorney so much as it depended on the opinion of a realtor. Ordinarily, the exercise of professional judgment in setting a fee should not be delegated to a layman. Code of Professional Responsibility EC 5–24.

The expert testified that it was incumbent upon Thomton to explain thoroughly the ramifications of the fee arrangement. This is so even though the Andersons requested the contingency. This is consistent with the Code:

A lawyer, because he is in a better position to evaluate a cause of action, should enter into a contingent fee arrangement only in those circumstances where the arrangement will be beneficial to the client.

Code of Professional Responsibility EC 5–7.

■ In light of all the circumstances, the arrangement was not beneficial to the Andersons. We hold the jury's determination of excessiveness, as related to the factors of Disciplinary Rule 2–106 and other provisions of the Code of Professional Responsibility, was supported by the evidence.

■ The trial court itself determined what amount would be a reasonable fee. It reduced an award of fees from $71,-297.81 to $29,350. This action was consistent with the well-established policy that courts have the power and the responsibility to monitor contingency fee agreements for reasonableness. *International Travel Arrangers, Inc. v. Western Airlines Inc.,* 623 F.2d 1255, 1277 (5th Cir.1980). Courts ought to

scrutinize such an (contingency) agreement closely, to see that there was no

overreaching, and that the client acted with as full and candid information as the attorney can give him.

*Meagher v. Kavli,* 251 Minn. 477, 491, 88 N.W.2d 871, 882 (1958); *see also, Kittler & Hedelson v. Sheehan Properties, Inc.,* 295 Minn. 232, 203 N.W.2d 835 (1973). By adopting the jury's finding of excessiveness and reducing the award to Thomton, the court exercised its proper responsibility. We find no abuse of discretion in that exercise.

### DECISION

Thomton's holder status provides no immunity to defenses raised against payment of the Andersons' promissory note. The finding of excessiveness and the judgment were supported by the evidence.

We affirm.