OPINION OF THE COURT
Arthur W. Lonschein, J.
This motion concerns a dispute between plaintiff and her attorney concerning the proper disposition of the defendant’s check issued after judgment in plaintiff’s favor. It appears that the plaintiff has refused to endorse the check. Her counsel of record now asks the court to direct the defendant to pay the judgment in the form of two checks, one to himself and the other to the plaintiff and a firm of public adjusters.
This action was for the proceeds of a fire insurance policy, and was tried before a jury, which rendered a verdict in plaintiff’s favor for the full amount of the policy, or $35,000. After the taxation of interest, costs, and disbursements, judg *92 ment was entered in plaintiffs favor for $51,800.48. Defendant issued a check for that amount, payable to plaintiff, her counsel, and to "Perry Cohen Associates Inc. as P/A.” It appears that Perry Cohen Associates is a firm of public adjusters which at one point attempted to aid in the settlement of the plaintiff’s claim. No reason is apparent from these motion papers why Perry Cohen Associates should be made a joint payee on the check, and Perry Cohen Associates has not appeared on this motion, although given notice.
Counsel for the plaintiff, relying on the retainer agreement with the plaintiff, calculates his disbursements as $878, and the fee due to him on the balance of the recovery as $15,480.62. The plaintiff, who has now retained separate counsel on this motion, alleges that the representation provided by counsel of record was inadequate, in that he urged her to settle for a lesser amount, and in that the pleadings he prepared were defective because they did not demand interest on the policy. She also specifically questions why the public adjuster is entitled to any portion of the proceeds.
As to the dispute between counsel of record and plaintiff, the papers before the court do not establish that the attorney’s representation was ineffective. It may well be that he presented a settlement offer from the defendant to the plaintiff, and even urged her to take it, but that does not make his representation unworthy. As this court has noted elsewhere, "It is an unfortunate * * * fact of life in the courts that the cases are sometimes decided wrongly, by both Judges and juries”, and prudent litigators will sometimes settle for less than complete victory, in order to guard against a complete loss. (Orion Ins. Co. v General Elec. Co., 129 Misc 2d 466, 475, affd 125 AD2d 567.)
Plaintiff, in true "what-have-you-done-for-me-lately” style, appears to be grasping at inconsequential imperfections in her attorney’s representation to defeat his right to a fee which he has fully earned. For it is the inescapable fact that, whatever his deficiencies may or may not have been, the attorney obtained for the plaintiff the maximum recovery possible, to the penny. Daniel Webster or Clarence Darrow could not have obtained more.
The courts will supervise fee arrangements between attorneys and clients as a matter of public policy (Jacobson v Sassower, 66 NY2d 991; Smitas v Rickett, 102 AD2d 928) and the burden is on the attorney to show that the fee arrange *93 ment is "fair, reasonable, and fully known and understood by the client” (Jacobson v Sassower, 66 NY2d 991, 993, supra). The fact that a fee arrangement is contingent on success may be taken into account, and may justify a higher fee than would otherwise be allowable (Matter of De Graff, Foy, Conway & Holt-Harris v McKesson & Robbins, 31 NY2d 862).
Here the fee arrangement was fair and reasonable given its contingent nature, and was fully understood by the plaintiff. Further, the attorney fully performed his obligations, and achieved the best possible result. Thus, the retainer agreement is fully enforceable. (See, McRory v Craft Architectural Metals Corp., 112 AD2d 358.)
The defendant insurer cannot complain about any extra trouble attendant upon taking back its check, since it precipitated this problem by including, as payee, a third party wholly unrelated to this action and with no apparent right to a penny of the proceeds. There was no "adjustment” of this claim: the plaintiff was forced to sue for her money and the matter went all the way to a verdict. If the adjusters did perform any services for which they are entitled to a fee from the plaintiff, that is none of the defendant’s concern. The check was thus improperly drawn, and defendant would have had to reissue a proper check in any event.
Accordingly, the defendant shall be directed to issue two checks, promptly upon the return of the original check. One of the new checks shall be payable to Charles S. Lazarus, as attorney for the plaintiff, in the amount of $16,358.62; and the other payable to Amelia McAsker Turner, in the amount of $35,441.86.