OPINION OF THE COURT
Bertram R. Gelfand, J.
This is an application to approve the compromise of claims for wrongful death and personal injuries, to permit receipt of the settlement, and to judicially account therefor. Among other issues, the application upon its face presents a question as to whether the fee request of petitioner’s counsel is consistent with his retainer agreement and within the scope of a sum that is allowable pursuant to applicable statutes and the rules governing contingent retainers (see Rules of the Appellate Division, First Department, 22 NYCRR 603.7 [e] [2]; Workers’ Compensation Law, §§24, 29, subd 1).
Decedent died on January 17,1981 as a result of injuries sustained in a work-related accident which had occurred on September 19, 1980. He was survived by a spouse, petitioner herein, and by one adult and two infant chil *917 dren. One of the aforesaid infant children has now reached his majority. Each of the now adult children has executed and filed duly acknowledged consents to the application. In a report filed by the guardian ad litem appointed to represent the interests of the still infant distributee, it is recommended that the proposed settlement be approved as being in his ward’s best interests.
It is pertinent to note that the claim at issue was advanced against two defendants who were insured by different companies. One of the defendants was insured by the same company that provided the workers’ compensation coverage of decedent’s employer. To the time of settlement decedent’s survivors were paid workers’ compensation benefits in the sum of $43,139.79. These benefits constituted a lien against any recovery in negligence based upon the same occurrence that gave rise to the workers’ compensation benefits (Workers’ Compensation Law, §29, subd 1).
Under the terms of the settlement, the defendants are to pay the sum of $300,000 in what the application characterizes as “fresh money”. Of this sum the defendant insured by the company not involved in the workers’ compensation benefits is to contribute $90,000. The sum of $210,000 is to be paid on behalf of the other defendant by the same insurance carrier that paid the workers’ compensation benefits. Additionally, this carrier is waiving its lien in the sum of $43,139.79 and agrees to continue the payment of future workers’ compensation benefits with the right to such benefits unimpugned by the instant settlement. The papers submitted in support of the application estimate that the prospective value of the continuation of the compensation benefits will equal approximately $192,000.
There remains the issue of counsel fees. Counsel has a contingent retainer providing for a fee equal to one third of any recovery. He indicates that the recovery in this matter is a total of $343,139.79 consisting of $300,000 in what is characterized as “fresh money”, and $43,139.79 represented by the waived compensation lien. Upon this basis, it is asserted that the counsel fee pursuant to the retainer should be in the sum of $114,379.93 representing one third of $343,139.79. The actual requested counsel fee is rounded out to the reduced sum of $114,000. Counsel has waived his *918 right to the reimbursement of disbursements expended in the prosecution of the claim. The application also indicates a “waiver” of counsel’s right to compensation for the services rendered in obtaining the consent of the workers’ compensation carrier to a continuation of benefits under the terms of the settlement. The account proposes that payment of the $114,000 fee that is sought be made from the $300,000 in “fresh money,” leaving a net sum available for distribution of $186,000. It is this proposal that presents a serious issue of apparently first impression.
Subdivision 1 of section 29 of the Workers’ Compensation Law creates a lien against any recovery in negligence for the amount paid in compensation benefits. This subdivision further provides for the repayment of such a lien “after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery”. The section additionally confers upon petitioner herein the right to seek, on notice to the lienor, an apportionment of the expenses of the total recovery between the portion of the recovery distributed and the portion applied in satisfaction of a compensation lien. In the instant matter, the lienor has not been joined as a party to this application nor do the papers reflect any waiver by the petitioning fiduciary of her right to seek to relieve the estate and the distributees of a portion of the expenses of the recovery to the extent the fund is applied to repayment of a compensation lien.
Subdivision 1 of section 29 of the Workers’ Compensation Law unequivocably establishes a procedure designed to facilitate the legal expenses related to that portion of a negligence recovery used to repay a compensation lien being apportioned against the sum utilized to repay the lien (Becker v Huss Co., 43 NY2d 527; Castleberry v Hudson Val. Asphalt Corp., 70 AD2d 228; Recommendations of the NY Law Rev Comm, McKinney’s 1975 Session Laws of NY, p 1553). The question of first impression here presented relates to the applicability of the import of subdivision 1 of section 29 of the Workers’ Compensation Law, when as here, a compensation lien is repaid by the carrier to itself as a result of the fortuitous circumstance that the insurance carrier is the writer of both the workers’ com *919 pensation policy of the employer of the decedent and the liability insurance of a defendant in the claim based in negligence. In determining this issue, consideration must be given to the result reached in the cases dealing with the related fact pattern in which the plaintiff instituted an action in negligence against a defendant who thereafter successfully prosecuted a claim over against the plaintiff’s employer which claim was paid on behalf of the employer by the same insurance carrier who had paid workers’ compensation benefits to the employee on behalf of this employer (Matter of Van Duesen v United States Fid. & Guar. Co., 81 AD2d 1026; Matter of Kelly, 110 Misc 2d 356).
In the Van Duesen case (supra), the injured party successfully pursued a recovery for negligence against a tortfeasor who was not his employer. This recovery was subject to a compensation lien. However, the tort-feasor had an indemnity agreement with the plaintiff’s employer under which the employer was obligated to hold the primary defendant harmless from any loss as a result of negligence claims. As a result of this indemnity agreement the original defendant recovered from the plaintiff’s employer the total amount paid in the original negligence action including that sum utilized to pay the compensation lien. The recovery on the indemnity agreement was paid on behalf of the employer by the same insurance company that had paid the workers’ compensation benefits. The ultimate result was that to the extent the compensation lien was being satisfied, it was being paid by the employer’s insurance company to itself. The question presented was whether, since ultimately the insurance carrier holding the compensation lien received no de facto benefit in repaying the lien to itself but in essence was making a bookkeeping entry, should it bear any portion of the expense of the plaintiff’s recovery in the negligence action?
The Appellate Division, Fourth Department, in Van Duesen (supra), expressly reversed its prior position on the subject as set forth in France v Abstract Tit. Div. of Tit. Guar. Co. (57 AD2d 721). The Van Duesen case explicitly held that the fortuitous circumstance that the plaintiff’s employer had selected to place two types of insurance with the same carrier cannot legally, equitably or logically lead *920 to a result that would impose upon the plaintiff a burden which the plaintiff would not otherwise bear had the employer placed its different types of insurance with two different carriers. Under a similar set of facts, my learned colleague, Surrogate Lambert, in Matter of Kelly (supra), also specifically rejected the concept expressed in the France case. In the Kelly case (supra), the same insurer that ultimately paid the proceeds of the settlement pursuant to an indemnity agreement with the primary tortfeasor held a compensation lien against the liability recovery. Surrogate Lambert concluded that the fact that this insurer was de facto repaying to itself a compensation lien does not relieve that insurer of the burden of paying its share of the expenses of achieving the total settlement.
What distinguishes the facts in the instant case from those in Van Duesen (supra) and Kelly (supra), is that in each of those cases the recovery in negligence was against a defendant who was not insured by the same carrier that had paid the workers’ compensation benefits. In each of those cases, the identity between the ultimate payor of the funds used to pay the liability claim and the recipient of the satisfaction of the compensation lien did not occur within the framework of the prosecution of the plaintiff’s case. The benefit that the compensation carrier received from the plaintiff’s prosecution of his negligence action actually existed through the conclusion of the plaintiff’s claim. This benefit to the compensation carrier was not dissipated until after the plaintiff had succeeded in negligence on behalf of both himself and the lienor. At that point in each case, the tort-feasor availed itself to its rights under an indemnity agreement with entities who were not parties to the negligence claims. These entities happened to have insured their responsibility to idemnify the tortfeasor with the same carrier who had previously paid the plaintiff’s workers’ compensation benefits.
In the instant matter, from the inception of the negligence claim, plaintiff was proceeding against a defendant who was insured by the holder of the compensation lien. To that extent, plaintiff’s counsel was negotiating with an insurance carrier which could not de facto profit from plaintiff succeeding in his negligence action. The apparent *921 result is one in which plaintiff’s counsel reached a settlement under which he seeks to have his client pay him a fee for recovering a sum applied to satisfying a compensation lien which fee would otherwise be subject to being paid by the lienor pursuant to subdivision 1 of section 29 of the Workers’ Compensation Law. The question presented is whether by agreement or otherwise, this expense is properly chargeable to the client.
The provisions of section 24 of the Workers’ Compensation Law must here be noted. This section so far as it is pertinent provides as follows: “Claims of attorneys and counselors-at-law for legal services in connection with any claim arising under this chapter * * * shall not be enforceable unless approved by the board.”
The determination of the issue presented upon the face of this application requires considering subdivision 1 of section 29 of the Workers’ Compensation Law together with section 24 of the Workers’ Compensation Law in conjunction with the applicable case law. When considered together, the applicable statutory and case law are indicative of a consistent effort to reach results under which all other considerations yield to the basic philosophy governing workers’ compensation, which is that a benefit paid under workers’ compensation is to be received by the beneficiary free of any expense to the beneficiary other than that authorized by section 24 of the Workers’ Compensation Law. The law of this State has clearly evolved to a point where it is recognized that the underlying intent permeating the 1975 amendment to subdivision 1 of section 29 of the Workers’ Compensation Law, facilitating the allocation to the carrier of the expense of the recovery of a compensation lien, is to maintain the fundamental philosophy of workers’ compensation. This philosophy mandates that the benefits paid as workers’ compensation shall not in any respect be reduced by the expense of obtaining the benefit except as approved by the Workers’ Compensation Board. As amended in 1975, subdivision 1 of section 29 reflects an intention that this fundamental philosophy that is the cornerstone of workers’ compensation, not be impugned by the compensation beneficiary subsequently pursuing a remedy at law. The fee proposed whose approval is
*922 here sought would achieve the exactly contrary result. The parties in interest who have already received $43,139.79 in compensation benefits subject to the provisions of section 24 of the Workers’ Compensation Law would now be called upon to pay an additional $14,000 fee with reference to the same benefits. Such a result is offensive to the intent of the Legislature as expressed from the inception of Workers’ Compensation Law in the provisions of section 24 and as crystalized by case law and the 1975 amendment of subdivision 1 of section 29 of the Workers’ Compensation Law. It cannot be countenanced.
Unfortunately, in the present procedural posture of this proceeding, this court cannot reach the responsibility, if any, of the workers’ compensation carrier for a portion of the petitioner’s counsel fees based on that part of the settlement utilized to repay the compensation lien. Not only does petitioner not advance such a claim against the carrier pursuant to subdivision 1 of section 29 of the Workers’ Compensation Law, but the compensation carrier has not even been made a party to this proceeding. However, in addressing the problem, the court cannot be insensitive to the reality that the lay petitioner is proceeding under the guidance of her counsel on a course that constitutes an abdication by silence of the rights of the petitioner and the other distributees pursuant to subdivision 1 of section 29 of the Workers’ Compensation Law to the detriment of the petitioner and the distributees that is offensive to the public policy underlying workers’ compensation. It is not clear whether during the course of counsel’s negotiations with the carrier he expressly agreed that decedent’s distributees rather than the carrier would pay the legal fee for that portion of the recovery which satisfied the carrier’s lien or whether the subject was ever even discussed. If the subject was discussed with the carrier, it does not appear that counsel explained to his client that decedent’s distributees would be paying a fee which subdivision 1 of section 29 of the Workers’ Compensation Law implicitly mandates should properly be paid by the carrier, if anyone. It is also noted that the de facto impact of embracing the proposed course would be to sanction the payment under a one-third *923 retainer agreement of a fee equal to 38% of the “fresh money” gained in the settlement.
In embracing the reasoning set forth in Matter of Van Duesen v United States Fid. & Guar. Co. (81 AD2d 1026, supra), this court concludes that it is the presently applicable rule of law under the public policy codified in the procedure for the apportionment of expenses set forth in subdivision 1 of section 29 of the Workers’ Compensation Law that under no circumstances may a lienee be compelled to bear the expense of the recovery for a lienor of the amount of his lien, even where due to circumstances of chance beyond the control of the lienee, the lien is repaid by an insurance carrier to itself. It is further noted that it has been held that an attorney may not ethically seek by agreement with his client to receive remuneration for obtaining workers’ compensation benefits except as permitted pursuant to section 24 of the Workers’ Compensation Law (Matter of Fisch, 188 App Div 525; Szold v Outlet Embroidery Supply Co., 159 Misc 911, 918). This premise further supports the existence of an overriding public policy that a recipient of compensation benefits is to directly bear no expense with reference to these benefits not authorized by section 24 of the Workers’ Compensation Law. This court cannot sanction a retainer agreement to the extent that it de facto leads to a contrary result.
Accordingly, giving due consideration to all of the elements here present, with particular weight to the apparent complexity of the issues surrounding the recovery, it is concluded that as against so much of the settlement as involves the $300,000 characterized in the petition as “fresh money” there be fixed and allowed in accordance with the retainer agreement a counsel fee of $100,000 inclusive of disbursements. The remaining $200,000 is to be distributed to the parties in interest in the proportions hereinafter provided. This conclusion is without prejudice to any further application, reflective of the provisions of subdivision 1 of section 29 of the Workers’ Compensation Law, relative to such counsel fees, if any, which should be paid on the portion of the settlement which constituted a waiver of the workers’ compensation lien.