OPINION OF THE COURT
Bertram R. Gelfand, J.
This is an application to compromise a cause of action for wrongful death, to remove the restrictions contained in limited ancillary letters testamentary to permit the receipt of the settlement proceeds, and for other incidental relief.
The application upon its face presents significant issues of law which fundamental fairness and justice dictate be addressed. The questions presented can best be viewed in the context of the events which gave rise to the causes of action being settled and the course that was followed in their prosecution and in reaching the proposed settlement.
On February 8, 1977, while decedent was standing behind a parked truck in Bronx County pursuing his occupation as a truck driver, he was crushed when the parked car behind him was projected forward pinning decedent between this car and his truck. The parked car that struck decedent was moved forward as a chain reaction to the defendant in the negligence action coming into collision with another car parked several cars behind decedent’s truck. The police report and investigation of this accident suggest that, despite a belated claim by the operator of the *147 vehicle which struck the parked cars that the accident was an unavoidable product of icy conditions, at the time of the accident the operator was intoxicated. The impact of the collision further suggests that he was proceeding with considerable speed in order for the collision to result in the impact that occurred.
In the accident on February 8, 1977 decedent sustained severe multiple injuries for which he received treatment until his resultant death on May 3,1977. At the time of his death, decedent was 58 years of age. He and his family were residents of the State of Connecticut. Decedent was survived by his wife, petitioner herein, and two issue both of whom are now adults. As a result of this accident, the workers’ compensation carrier of the decedent’s employer has paid benefits in excess of $85,000. These benefits constitute a lien against any recovery (Workers’ Compensation Law, § 29).
Counsel was first retained on March 2, 1977. It was ascertained that the vehicle which caused the accident had liability insurance providing for maximum coverage of $25,000 for a single victim of an accident. On October 24, 1977, counsel received a report on an investigation he had ordered as to the assets of the potential defendants in the negligence claim. This report indicated that the defendant owned a residence that had been subject to a $10,000 mortgage at the time of purchase in 1956. The mortgage had been satisfied and the property transferred to a daughter of the defendant owner without apparent consideration, shortly after the accident. It further appears that the owner of the vehicle was gainfully employed as a railroad engineer. On an unspecified date, a bill of particulars was served and a subsequent effort to examine the defendant in the negligence action was adjourned for equally unspecified periods until counsel was advised on August 2,1981 by the defendant’s personal attorney that the defendant had passed away. It does not appear that the defendant left any estate of record to be administered.
Throughout the pendency of the litigation the defendant’s insurance carrier had pending an ongoing offer to pay the total $25,000 in coverage. After the defendant’s death, this offer was accepted pursuant to a formula under *148 which from the settlement a net of $12,500, free of any expense to the lienor, would be paid in partial satisfaction of the workers’ compensation lien. This is the settlement presently before the court. The current application further proposes that pursuant to counsel’s one-third retainer he be paid one third of the total $25,000 recovery, plus $953.70 in disbursements, and that, after paying $12,500 to the carrier, the balance remaining of $3,564.20 be distributed as a recovery in wrongful death to petitioner as decedent’s surviving spouse.
Ab initio, it is noted that to the extent the disbursements contain “approximately $25. for telephone calls” and “approximately $25. for xeroxing,” this $50 in claimed disbursements constitutes nonreimbursable office overhead and these items must be disallowed (Matter of Zalaznick, NYLJ, Nov. 19, 1976, p 11, col 1; Matter of Levine, 26 Misc 2d 307, 316). The more significant question presented is whether the proposed division of the $25,000 settlement is sanctionable as a matter of law, let alone conscionable as a matter of equity and discretion.
Clearly, the outcome of this approximately five-year-old prosecution is as unrewarding to counsel as it is to petitioner and decedent’s other distributees. With equal clarity, the priority lien of the compensation carrier could be asserted against the total recovery, and the lienor would be entitled to the total net remaining after deducting the cost of obtaining such recovery, including the statutory commissions to which the petitioner, as decedent’s fiduciary, would be entitled. Under the proposed compromise, the compensation lienor is to be paid a net sum that is equal to approximately 82% of the maximum net it could receive if it insisted on its right to the entire recovery. This computation is arrived at by deducting from the $25,000 recovery, the disbursements, a one-third counsel fee, and statutory commissions, and then applying the net sum remaining to payment of the lien (see Workers’ Compensation Law, § 29, subd 1).
It is not for this court within the framework of this application to question the wisdom of this compromise which is embraced by the adult petitioner represented by counsel of her choice. However, this limitation does not *149 preclude the court from exercising its obligation to independently examine the very sensitive issue of counsel’s own compensation which by its very nature places counsel in a position inherently adverse to his own client (Matter of First Nat. Bank of East Islip v Brower, 42 NY2d 471; Gair v Peck, 6 NY2d 97; Matter of Schanzer, 7 AD2d 275, affd 8 NY2d 972).
On this question, the proposal before the court primarily raises the question of whether under any circumstances a beneficiary of workers’ compensation benefits can be made to pay a counsel fee for the recovery of a sum that is applied to repay a compensation lien. Intertwined with this issue in this matter is whether such a result, even if legally permissible, is conscionable.
With references to the threshold question, as was discussed in greater detail by this court recently in Matter of Purtill (111 Misc 2d 916), the overriding philosophy of the Workers’ Compensation Law, as presently constituted by the Legislature, is that, once a beneficiary has received workers’ compensation benefits, under no circumstances should that beneficiary be required to pay any expenses with reference to those benefits except as provided under the provisions of the Workers’ Compensation Law (see, also, Matter of Van Deusen v United States Fid. & Guar. Co., 81 AD2d 1026; Matter of Kelly, 110 Misc 2d 356). Not only is this intent reflected in subdivision 1 of section 29 of the Workers’ Compensation Law, but section 24 of the Workers’ Compensation Law specifically provides that beneficiaries should not be required to pay any fees with reference to recovering workers’ compensation benefits except as approved by the Workers’ Compensation Board. Whatever fees any counsel were entitled to from a beneficiary with reference to the $12,500 in benefits that are now being repaid were previously fixed by the Workers’ Compensation Board and paid in conjunction with the payment of the benefits. There is no basis in law for imposing upon the beneficiaries any further payment with reference to these sums.
The proposed fee structure in the instant application does, in effect, impose upon petitioner the payment from funds to which she would otherwise be entitled under the *150 terms of the settlement of a fee equal to one third of the sum being utilized to partially repay the workers’ compensation benefits already received. It is noted that there is nothing in the present application to even support that the total amount of the workers’ compensation benefits which gave rise to the lien were actually received by this petitioner individually. Much of the lien may well flow from benefits paid to decedent personally while he was alive, medical bills, hospital bills, and benefits paid to his dependents other than petitioner. Accordingly, under the present proposal, petitioner may well be called upon to pay a fee from funds to which she is otherwise personally entitled, to fund the expense of repaying a lien for benefits paid by the lienor to third persons other than petitioner.
This court can discern no basis for distinguishing a situation in which the recovery permits the payment of only a portion of a workers’ compensation lien from those circumstances in which the total lien is being repaid. In either situation, the underlying statutory philosophy which renders workers’ compensation benefits, once received, immune from further costs to the beneficiary, is applicable.
It is further concluded that this result which the law mandates is consistent with the nature of the contingent retainer agreement upon which petitioner’s counsel relies. When attorney and client enter into a contingent retainer agreement they are jointly embracing a gamble as to whether the outcome of the litigation will result in counsel being compensated in excess or less than what he would otherwise be entitled to quantum meruit. The essence of such an agreement is that counsel has contracted to run the risk of inadequate, or even no compensation at all, in exchange for a percentage interest in the recovery which may reward him far in excess of the quantum meruit value of his services. That the protracted litigation of this claim has resulted in an outcome less fortuitous for both client and counsel than either would have liked is an unfortunate circumstance whose impact they must equitably share. If in this matter after the settlement of the workers’ compensation lien negotiated by counsel all that remains for application to the claim in negligence is the sum of *151 $12,500, this is the only sum upon which petitioner is obligated to pay a fee pursuant to her contingent retainer. This is the net sum that counsel has recovered on behalf of his client and it is the total sum to which a claim for a contingent fee from his client pursuant to the retainer agreement is applicable. Accordingly, it is concluded that disbursements are fixed in the sum of $903.70. These disbursements are to be deducted from the $12,500 available for distribution to the client. Counsel’s one-third retainer is then to be allowed from the net remaining, resulting in a counsel fee being fixed and allowed in the sum of $3,865.43 for all services rendered to date and that may be required through the completion of the distribution of the recovery. On the facts as they here exist, it appears essentially academic whether the sum remaining for distribution is divided between personal injuries and wrongful death. Accordingly, this question need not be reached and the net sum of $7,730.87 remaining is to be distributed by petitioner to herself, individually.