■ WILLIAM E. STEDMAN et al., Respondents, v CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK, Third-Party Plaintiff, v WELSBACH ELECTRIC CORP. et al., Third-Party Defendants-Respondents, and STATE INSURANCE FUND, Appellant. —

Order, Supreme Court, New York County (White, J.), entered January 27, 1984, which granted third-party defendant Alfo Cab Co. leave to reargue plaintiffs' motion to vacate the workers' compensation line of the State Insurance Fund and, upon reargument, resettled the order of the same court and Justice, entered July 26, 1983, to vacate said lien, unanimously reversed, on the law, without costs or disbursements, the motion to vacate said lien denied and the lien reinstated.

Plaintiff, a cab driver in the employ of Alfo Cab, was injured in an automobile accident on June 16, 1980 and received $13,940.07 in benefits from the State Insurance Fund (Fund), Alfo's workers' compensation carrier. Plaintiff also received first-party no-fault benefits over and above the amount paid by the Fund from Eagle Insurance Co., Alfo's automobile liability insurer. Under New York's statutory no-fault scheme, the first-party benefits insurer is entitled to take a credit for workers' compensation benefit payments to the extent these payments represent benefits otherwise compensable under no-fault's first-party coverage. (Insurance Law, § 671, subd 2.)

Plaintiff thereafter commenced a personal injury action against Walther, the owner-operator of the other vehicle, and the City of New York. The claim against the city was based on its alleged maintenance of a defective traffic light at the intersection where the accident occurred. In turn, Welsbach, which serviced the traffic light, and Alfo were impleaded as third-party defendants. Under New York's No-Fault Law (Insurance Law, art XVIII), Walther and Alfo are covered persons while the city and Welsbach are noncovered persons. (See Insurance Law, § 671, subd 10.) The action was eventually settled for $30,000, with each party-defendant contributing as follows:

| | |
|---|---|
| Walther | $14,000 |
| city | 6,000 |
| Welsbach | 8,500 |
| Alfo | 1,500 |
| | $30,000 |

Subsequent to the settlement, plaintiff moved to vacate the Fund's workers' compensation lien. After vacating the lien, insofar as it attached to the settlement proceeds, and ordering that Eagle, the first-party benefits insurer, satisfy the lien, Trial Term, in the order appealed from, vacated the directive that Eagle pay the Fund's lien. We reverse and reinstate the lien of the State Insurance Fund.

Pursuant to subdivision 1 of section 29 of the Workers' Compensation Law, the lien of the Fund, as the workers' compensation carrier, attaches to the settlement proceeds of any action

against the wrongdoer after deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting the recovery. This lien is inviolate (see *Matter of Granger v Urda,* 44 NY2d 91) except for recoveries in an action brought pursuant to subdivision 1 of section 673 of the Insurance Law by a covered person against another covered person for noneconomic loss based on a serious injury. (Workers' Compensation Law, § 29, subd 1-a.) Under the No-Fault Law, a covered person who sustains a serious injury, as defined in subdivision 4 of section 671 of the Insurance Law, is, in addition to receiving his first-party benefits, also entitled to bring an action against another covered person who caused the accident to recover noneconomic (pain and suffering) loss. (Insurance Law, § 673, subd 1.) A covered person may not, however, recover damages for his economic loss in such an action. In such a case the sole remedy of the insurer providing first-party or workers' compensation benefits to recover the payments made pursuant thereto is the submission of the controversy to mandatory arbitration. (Worker's Compensation Law, § 29, subd 1-a; Insurance Law § 674.) If, on the other hand, the covered person was injured in an accident caused by a noncovered person, he is entitled to receive his first-party benefits and to bring an action against the noncovered person for economic as well as noneconomic loss. (Insurance Law, § 673, subd 2.) The covered person, however, is not permitted to recover twice for his economic loss. In such an action, the insurer paying first-party benefits has a lien against any recovery to the extent of the benefits paid to the covered person. (Insurance Law, § 673, subd 2.)

Thus, the Fund's lien attaches to the $6,000 recovery from the city and the $8,500 recovery from Welsbach, both of whom, as noncovered persons, could be sued for economic as well as noneconomic loss. (Insurance Law, § 673, subd 2.) In such a case, the lien attaches even though the noncovered person is cast as a third-party defendant. (See *Matter of Van Deusen v United States Fid. & Guar. Co.,* 81 AD2d 1026.) Moreover, since the third-party action was commenced on or about May 5, 1981, less than one year after the accident, there was, contrary to plaintiff's argument, no automatic assignment to the Fund of plaintiff's right to recover from the noncovered person the amount of first-party benefits paid to him. Such assignment occurs only upon the covered party's failure to sue the noncovered person within two years after the accrual of the cause of action. (See Insurance Law, § 673, subd 2.) In addition to its lien, which attaches to $14,500 of the settlement proceeds, the Fund, as already noted, has a right, in arbitration, to seek recovery from

the automobile liability insurer of Walther, a covered person, of the amount of the benefits paid plaintiff by the Fund. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Asch, JJ.