**CAM XUAN TRAN, et ano., Plaintiffs,**

v.

**ANTOINE AVIATION COMPANY, INC., et al., Defendants.**

No. 85 Civ. 102 (RWS).

United States District Court, S.D. New York.

July 16, 1986.

See also 624 F.Supp. 179.

Lawrence N. Weiss, P.C. and Randy A. Dusek, New York City, for plaintiffs.

Kroll, Pomerantz & Cameron, New York City (Robert R. MacDonnell, of counsel), for defendant Antoine Aviation Co.

Harold M. Foster, New York City, for defendant Alphonse Hotel Corp.

## OPINION

SWEET, District Judge.

Plaintiff Cam Xuan Tran ("Tran") has moved for the enforcement of a stipulation of settlement which resolves both the instant action and a related Fair Labor Standards Act action currently pending before the Honorable John M. Cannella, *Cam Xuan Tran et al. v. Dinh Truong Tran et al.*, 84 Civ. 6054 (S.D.N.Y. June 6, 1986). The court assumes familiarity with the underlying facts of this action as set forth in *Tran Cam Xuan v. Antoine Aviation Co.*

*et al.*, 85 Civ. 0102 (S.D.N.Y. January 31, 1986).

Defendant Antoine Aviation Company, Inc. ("Antoine") through its insurance carrier Greater New York Mutual Insurance Company ("GNY") contends that it is not bound by the June 1986 settlement as there was "no meeting of the minds," between GNY and Tran's counsel. GNY also asserts that it is entitled to withhold the moneys due or the balance of the automobile liability policy covering Antoine because GNY is also the Workers' Compensation carrier for co-defendant Alphonse Hotel Corporation ("Alphonse") and has a Workers' Compensation lien amounting to approximately $40,240.00 on any third party recovery which this settlement of action produces for Tran. This court rejects both contentions.

First, the exchange of letters leading to the settlement of these related actions irrefutably document GNY's agreement to settle this action on Antoine's behalf by paying Tran the balance of its automobile liability policy, an amount of $24,464.58. On June 9, 1986, Tran's attorneys memorialized their settlement discussion with the attorney for GNY, stating explicitly: "By this letter we inform you that your offer of settlement as against Antoine Aviation Co., Inc. in the amount of the automobile liability policy, to wit: $24,-464.58 is accepted." Confirming his telephone offer to pay this balance on his letter of June 9, 1986, the attorney for GNY on Antoine's behalf stated:

> In my conversation with Mr. Weiss I told him that Greater New York Mutual Insurance Company, as the Automobile Insurance Carrier of Antoine Aviation Company, Inc. is willing, as its representative, Patrick Kelly wrote you on July 14, 1983 (see photocopy attached), to pay the balance of its limits under its Automobile Liability Insurance Policy which was in effect for the defendant, Antoine Aviation Company, Inc. as of the date of the alleged occurrence, June 14, 1982, i.e., $24,464.58, notwithstanding your prior rejection of that offer.

Although the June 9, 1986 letter from GNY to Tran's attorneys states that the recovery from the Automobile Liability Insurance Carrier will be subject to GNY's Workers' Compensation lien and disputes the notion that Tran's attorneys would recover their disbursements prior to GNY's Workers' Compensation lien, GNY's assent to the settlement was unequivocal.

GNY also contends that regardless of this court's holding that it is bound by the settlement offer, GNY may withhold the $24,464.58 in partial satisfaction of its Workers' Compensation lien of $40,240.00, in essence paying the recovery from the liability action from one pocket and transferring it to the Workers' Compensation lien pocket by virtue of GNY's dual role as Workers' Compensation and liability insurance carrier. Attorneys for Tran contend that their lien for costs and fees incurred in securing the settlement recovery takes priority over GNY's Workers' Compensation lien, preventing GNY from withholding disbursements to Tran as a result of the settlement.

A review of the case authority and Workers' Compensation statutes reveals that section 29, titled "Remedies of Employees; Subrogation," which preserves an insured workers right to sue a third party without waiving Workers' Compensation benefits provides in relevant part:

> In such case, [a third party recovery] the insurance carrier liable for the payment of such compensation ... shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, *after the deduction of the reasonable and necessary expenditures, including attorneys fees incurred in effecting such recovery.*

§ 29 Workers Compensation Law (McKinney, Supp.1986) (emphasis added).

██ The case authority confirms the priority which Section 29 grants to the attorney's lien. It is a well-established principle of New York law that the Workers Compensation lienor is only entitled to attach funds from a third party action which remain after the subtraction of reasonable and necessary fees, including attorneys fees incurred in effecting the recovery. *O'Connor v. Lee Hy Paving Corp.*, 480 F.Supp. 716 (E.D.N.Y.1979); *Stedman v. City of New York*, 107 A.D.2d 600, 483 N.Y.S.2d 1013 (1st Dept.1985); *Curtin v. City of New York*, 287 N.Y. 338, 39 N.E.2d 903 (1942).

██ While GNY alludes to the concept of "equitable apportionment" of attorney's fees, the concept is completely inapposite to this case. Section 29 grants the court the discretion to allocate the expenses of pursuing a third-party recovery in a proportion which reflects the benefit which each party has derived from the judgment or settlement. However, this apportionment is made between the employee and lienor, and does not diminish the recovery of attorney's fees. *Castleberry v. Hudson Valley Asphalt Corp.*, 70 A.D.2d 228, 420 N.Y.S.2d 911, 1914 (2d Dept.1979); *Becker v. Huss Co., Inc.*, 43 N.Y.S.2d 527, 402 N.Y.S.2d 980, 373 N.E.2d 1205 (1978). Furthermore, as the amount of the recovery here is less than the amount of either the attorney's lien or the Workers' Compensation lien, Tran derives no benefit from this third party action and cannot be taxed with any of the recovery expenses. *See Estate of Purtill*, 111 Misc.2d 916, 445 N.Y.S.2d 400, 405 (Sur.Ct.1981) ("... under no circumstances may a lienee be compelled to bear the expense of the recovery for a lienor of the amount of his lien, even where due to circumstances beyond the control of the lienee, the lien is repaid by an insurance carrier to itself).

To summarize, the stipulation of settlement executed before the Honorable John M. Cannella on June 6, 1986 as it pertains to this action, and GNY's offer to pay the remaining balance on Antoine's Automobile Liability Insurance policy amounting to $24,464.58 is in full force and effect. GNY is not permitted to withhold these funds in satisfaction of its compensation lien on the proceeds of this action, as Tran's attorneys may assert a prior lien against these settlement funds. Judgment will be entered dismissing this action on the basis of the settlement.

IT IS SO ORDERED.