■ LEONARD BROCK et al., Plaintiffs, v MACK TRUCKS, INC., et al., Defendants, and SPECIAL DISABILITY FUND, Appellant. PATTISON, SAMPSON, GINSBERG & GRIFFIN, P. C., Respondent. (And a Third-Party Action.)—Mikoll, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 24, 1991 in Rensselaer County, which granted a motion by plaintiffs' law firm for its pro rata share of counsel fees.

The issues before us are whether Supreme Court properly found that (1) the Special Disability Fund (hereinafter Fund) benefited from plaintiff's settlement of its product liability action against defendants in the sum of $73,473.74, which represents the amount paid by Liberty Mutual Insurance Company (and for which the Fund could have been held liable) and the present value of future payments due to plaintiff, and (2) the pro rata share of counsel fees and disbursements for which the Fund is liable amounted to $29,383.38.

The facts of this case can be found in our previous decision (159 AD2d 778), wherein we remitted the matter for the purpose of calculating the benefit to the Fund and its pro rata share of counsel fees and disbursements. Initially, we reject the Fund's contention that it derived no benefit because of Liberty Mutual's waiver of its lien against the Fund. This argument was decided adversely to the Fund in the prior appeal *(supra)* and is now the law of the case *(see, Whitaker v McGee,* 168 AD2d 879). It was then decided by this court that the waiver of lien does not affect the equity of requiring the Fund to contribute to counsel fees and disbursements.

The Fund also contends that the fees awarded by Supreme Court would represent an excessive recovery because plaintiff's attorneys have already recovered $45,266, and an additional award of $29,383.38 would result in a fee of $74,649.38, less disbursements and costs, on a gross recovery of $123,048. The total settlement here consisted of a cash payment to plaintiff of $50,266, an annuity purchased for plaintiff with a cost of $72,782 and the waiver of a workers' compensation lien by Liberty Mutual in the amount of $79,275.84. The Fund's argument fails to reflect in the equation the value of the waived lien and the present value of future payments that the Fund has been relieved from paying to plaintiff, totaling $79,279.85. Adding this amount to the gross settlement, the total recovery is approximately $202,000. The counsel fees represent approximately one third of the settlement, which we deem appropriate and fair. We further deem that the Fund's reliance on *Matter of Purtill* (111 Misc 2d 916) is misplaced.

The Fund also urges that it was not benefited because the Workers' Compensation Board never made a finding that the Fund had to reimburse Liberty Mutual prior to settlement. This argument was not raised on the prior appeal and is deemed waived.

Weiss, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.