OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding decedent’s spouse seeks permission to remove the restrictions contained in her limited letters of administration so that she may receive the settlement proceeds from a cause of action arising from personal injuries sustained by decedent on May 20, 1985. Counsel for petitioner requests a larger legal fee than the Surrogate’s Court, Bronx County, held in 1981 in Matter of Purtill (111 Misc 2d 916) *612 was permissible under the spirit of the Workers’ Compensation Law. The Purtill holding was followed in Matter of Racz (114 Misc 2d 146; but see, Brock v Mack Trucks, 178 AD2d 701). Counsel has convinced the court that the holding in Purtill was broader than necessary to prevent an unwarranted charge to the client in those instances where, as in the case at bar and in Purtill, the insurance carrier who is settling the negligence claim is also the carrier that paid the workers’ compensation benefits and as part of the settlement is waiving its lien against the settlement proceeds.
Under the terms of the proposed settlement, the insurance carrier is paying $42,500 in "fresh money” and waiving its lien under Workers’ Compensation Law § 29 (1) to recover any portion of the $24,362.92 in workers’ compensation benefits that it had previously paid. If disbursements are disregarded to simplify the discussion, counsel seeks a fee equal to one third of the sum of $58,741.95 consisting of $42,500 in fresh money plus $16,241.95 (two thirds of the $24,362.92 waived lien inasmuch as counsel recognizes that the carrier could only collect two thirds of the lien because it would be responsible to pay the legal fee equal to one third of the lien).
In Matter of Purtill (supra) the amount of the settlement was $300,000 in fresh money and a waiver by the insurance carrier of the right to recover any portion of the $43,139.79 in workers’ compensation benefits that it had paid. In rejecting counsel’s contention that he was entitled to a fee equal to one third of $343,139.79 (the fresh money plus the waived workers’ compensation lien) and holding that the fee was limited to one third of the fresh money, the court stated (111 Misc 2d, at 923) as follows: "[TJhis court concludes that it is the presently applicable rule of law under the public policy codified in the procedure for the apportionment of expenses set forth in subdivision 1 of section 29 of the Workers’ Compensation Law that under no circumstances may a lienee be compelled to bear the expense of the recovery for a lienor of the amount of his lien, even where due to circumstances of chance beyond the control of the lienee, the lien is repaid by an insurance carrier to itself.”
This court concurs with the holding in Purtill (supra) to the extent that Workers’ Compensation Law § 29 (1) clearly provides that if a party who has or is receiving workers’ compensation benefits for an injury obtains a recovery against a party other than the employer for the same injuries, the insurance carrier who paid or is paying the benefits "shall have a lien on *613 the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery”. Therefore, counsel in Purtill (supra) was seeking an excessive fee from the estate of the insured party to the extent that he sought to charge it instead of the insurance carrier for that portion of the recovery to satisfy or waive the carrier’s lien. However, the waiver of the lien in Purtill, as it does in the case at bar, clearly benefits the estate to the extent that the estate does not have to pay two thirds of the waived lien to the carrier from the fresh money.
This court concludes that the true value of the settlement to the client where a carrier agrees to pay fresh money and waive its workers’ compensation lien is a sum equal to the fresh money plus two thirds of the waived lien (where counsel’s fee is one third of the recovery) and that this is the amount which should be used to compute counsel’s one-third fee pursuant to the retainer agreement. The fairness of this result can be illustrated by assuming that the settlement is for the sum of $16 plus the waiver of a $3 lien. This settlement would be exactly the same as a third party or the carrier itself paying $18 ($16 plus two thirds of $3) to settle the case and the payment of the lien from the settlement proceeds. The attorney’s fee would be $6 (one third of $18), $1 of which would have to be paid by the carrier as payment of attorney’s fees in recovering the $3 lien. The remaining balance of $12 (gross settlement minus attorney’s fee) would be paid to the client who in turn would have to give $2 to the carrier to satisfy the lien (carrier charged with $1 under section 29 [1] of the Workers’ Compensation Law as its share of counsel fees in obtaining the recovery) and, consequently, the client nets $10. In the first example, where the carrier waived the lien, there is no reason why the funds should be shuttled back and forth from the carrier to settle its lien where the exact same result can be reached by the carrier paying $16 in fresh money, with the attorney retaining $6 for his legal fee and the payment of the remaining $10 to the client.
If the payment of $16 and the waiver of the $3 lien were treated as having a settlement value of $19, as requested by counsel in Purtill (supra), and the client paid $6.33 as a legal fee based upon a recovery having that value (one third of $19), the client would only net $9.67 ($16 minus $6.33) because the *614 client, contrary to the provisions of section 29 (1) of the Workers’ Compensation Law, would have paid the attorney’s fee for the portion of the recovery used to satisfy the lien. On the other hand, if the holding in Purtill was strictly followed and the value of the settlement was limited to the fresh money of $16 and the client paid a legal fee of $5.33 based upon the recovery having that value (one third of $16) the client would net $10.67 ($16 minus $5.33) because the attorney was not allowed a fee on $2 which was recovered (the portion of the lien that the client would have had to have paid from the fresh money of the settlement proceeds had the recovery not included the waiver of the lien). That the holding in Purtill is overly broad is evidenced by the fact that the attorney, under that decision, could receive a $6 fee if he stated that the recovery was $18 in fresh money and the lien would be paid but, without the insurance company paying a penny less, the fee would only be $5.33 if the settlement were phrased as consisting of $16 in fresh money and a waiver of the lien. Instead of creating loopholes, the law should be designed to reach the same result as a matter of public policy where the practical impact of the transaction is the same.
Counsel’s disbursements are found to be proper in the reduced amount of $275. Inasmuch as no funds are being paid to the carrier, its proportionate share of the disbursements totaling $100.10 shall be absorbed by counsel and counsel shall be entitled to a legal fee equal to one third of $58,567.05 consisting of $42,325.10 (the net amount of the fresh money, $42,500 minus disbursements of $174.90) plus $16,241.95 (two thirds of the $24,362.29 waived lien without any reduction for the carrier’s share of disbursements because counsel is absorbing these disbursements). Consequently, counsel fees are allowed in the sum of $19,522.35, his disbursements are allowed in the sum of $174.90, and the application is granted as modified by this decision.