OPINION OF THE COURT
Eve Preminger, S.
The administratrix’s petition for leave to compromise causes of action for decedent’s personal injuries is granted. The restrictions on the letters previously issued by this court to the petitioner are removed. The administratrix is authorized to *31 collect the compromise proceeds and to execute such receipts and releases as may be required.
The settlement proceeds are allocated 100% to personal injuries. Decedent is survived by one adult daughter and his estranged wife, who has waived and renounced any recovery from the settlement proceeds. The settlement shall be distributed to decedent’s daughter, Zaza Fullman-Kasl, in the amount of $35,839.34, and to Reliance Insurance Company in the amount of $10,000 in full settlement of the outstanding workers’ compensation insurance lien against decedent’s estate.
One issue arising in the context of the requested attorney’s fees in this proceeding appears to be a case of first impression in this court. That issue is whether an attorney may be compensated for obtaining a waiver of all or part of a statutory workers’ compensation lien in connection with the settlement of a third-party personal injury action, where the lienor is not a party to the action.
Decedent received approximately $80,000 in workers’ compensation benefits apparently relating to the escalator accident, prior to his death. Under section 29 (1) of the Workers’ Compensation Law, an insurer who pays such benefits holds a lien against the proceeds of any recovery for the same injuries, as long as the recovery is paid by someone other than the injured person’s employer.[1] Accordingly, a lien for $80,000 in paid benefits was created against decedent’s estate when the personal injury action was sought to be compromised. Having negotiated the $80,000 lien to the reduced amount of $10,000, counsel seeks to include the $70,000 lien reduction as an additional “recovery” in the personal injury action, to which his one-third contingency fee would apply.
Counsel’s reliance on the decision in Matter of Castiglia (158 Misc 2d 611) is not persuasive. In Castiglia, the court included the amount of a waived workers’ compensation lien with the recovery of “fresh” money in the settlement of a personal injury action where the insurer holding the lien was the same insurer paying the liability claim in the personal injury action. That situation does not exist here, where the workers’ compensation insurer is a stranger to each of the defendants in the personal injury action.
Nor is Castiglia (supra) conclusive authority, in and of itself. The decision expressly departed from that court’s previous de *32 cision in Matter of Purtill (111 Misc 2d 916) which Castiglia rejected as “overly broad” (158 Misc 2d, at 614). Nevertheless, in Purtill, the court had observed that imposing attorney’s fees for obtaining the waiver of a workers’ compensation lien was “offensive” to the public policy underlying the Workers’ Compensation Law, and refused to include the amount of a waived compensation lien as a “recovery” under a contingency retainer agreement — where the insurer paying the liability claim was the same insurer who paid the workers’ compensation claim.
The “fundamental philosophy” of workers’ compensation strives to prevent benefits from being diminished by the expense of obtaining them, except as approved by the Workers’ Compensation Board. (Matter of Purtill, supra; see, Workers’ Compensation Law § 24.)[2] There is no basis to deviate from this “fundamental philosophy”, especially where, as here, the workers’ compensation insurer is unrelated to the insurer settling the third-party liability claim (see also, Matter of Racz, 114 Misc 2d 146 [rejecting contingency fee based on $25,000 recovery where half of recovery was dedicated to satisfy workers’ compensation lien; fees obtained in connection with benefits were paid in conjunction with the payment of benefits during decedent’s lifetime]).
The fee of petitioner’s attorney is fixed and determined.

. The lien is held against the personal injury proceeds after the deduction of the “reasonable and necessary” expenses of obtaining the proceeds, including attorney’s fees (Workers’ Compensation Law § 29 [1]).

. See also, Workers’ Compensation Law § 29 (1) (employee may apply to court where personal injury action is commenced, for order apportioning attorney’s fees in obtaining third-party recovery as between employee and lienor).